Root, plaintiff in error, *vs.* Mayor, &c., defendant in error.

Root, plaintiff in error, *vs.* Mayor, &c., defendant in error.

By the provision contained in Sec. 133, Chap. 93, R. S., " of Justices of the Peace," municipal corporations are exempt from suits before Justices of the Peace: and power is conferred upon the Legislature, thus to exempt this class of corporations by Art. 6, §18, of the Revised Constitution.[*]

Error to Washtenaw Circuit.

This action was commenced in the Circuit Court for Washtenaw County. The plaintiff declared upon a judgment rendered by a Justice of the Peace, on the 15th of September, 1851, for ninety-two dollars damages, and two dollars and fifty-two cents costs. The defendants demurred to the declaration. One cause of demurrer, and the only one of those assigned, which was argued before this Court, presented the question, whether the Justice had jurisdiction of an action against a municipal corporation. The Circuit Judge sustained the demurrer, and the plaintiff removed the cause to this Court by writ of error.

*C. D. Colman,* for plaintiff in error.

[*] *Vide* S. L. 1855, p. 437, Sec. 48.

*J. M. Walker*, for defendants in error.

By the Court, WING, J.

The defendants were incorporated by an act of the Legislature, bearing date the 4th of April, A. D. 1851, (*S. L.* 1851, *p.* 121.) The second section of this act prescribes the manner in which the corporation may sue and be sued.

The 11th section of article 15 of the Constitution of 1850, provides that "*all corporations shall have the right to sue and be subject to be sued in all Courts in like manner as natural persons.*" Article 6, section 18, of the same instrument, provides that in all civil cases, Justices of the Peace shall have exclusive jurisdiction to the amount of one hundred dollars, and *with such exceptions and restrictions as may be provided by law.*"

After the adoption of the Constitution, the Legislature amended the first sec. of chap. 93, R. S. 1846, and by this amendment, Justices of the Peace shall have original and exclusive jurisdiction of all civil actions wherein the debt or damages do not exceed the sum of one hundred dollars. (*S. L.* 1851, *p.* 202.)

The Constitution of 1836 was silent upon the subject of corporations ; but article 15 of our present Constitution expressly names them, and declares that certain associations of men that are not ordinarily called corporations, should be included under that designation, and makes the general declaration we have cited; which is as applicable to all kinds of corporations named in that article as it is to those which are named in the sections preceding this particular clause. By this article, all kinds of corporations are placed upon the same level as regards their liability to be sued in all Courts; and it is urged by the plaintiff, that unless the defendants may be sued before a Justice of the Peace, for amounts less than one hundred dollars, such small debts cannot be collected of them, as jurisdiction of such amounts is prohibited

to all other Courts by section 18 of article 6, and the act of 1851.

The laws in force at the time our present Constitution was adopted, were continued in force by the first section of the schedule until altered or repealed by the Legislature. Section 133, of chapter 93, expressly authorizes actions before a Justice of the Peace against corporations " where the amount claimed, or matter in controversy, does not exceed one hundred dollars; but section 138 of the same chapter declares that section 133 shall not be construed to extend to municipal corporations. This last section being repugnant to section 11, article 15, of the new Constitution, would not have been continued in force, and section 133 would have been left to operate, and would have authorized the judgment upon which this suit was brought, if that article alone governed. But section 138 is not repugnant to section 18 of article 6 of the Constitution, which gives the Legislature the power to limit the jurisdiction of Justices of the Peace to certain persons. The fact that the Legislature amended the first section, chapter 93, by the amendatory act of 1851, and gave to Justices of the Peace concurrent jurisdiction with Circuit Courts to the amount of five hundred dollars, and left all the other provisions of that chapter (not before amended) remaining in full force, raises the presumption that they intended that the restriction contained in section 138, should remain operative.

All the provisions of the Constitution upon the same subject must be construed together, and be made to harmonize. This may be done in this instance by considering the last clause of section 11, article 15, as subject to the provisions of section 18, of article 6. It manifestly was the intention of the framers of the Constitution, to place corporations on the same footing with natural persons in reference to suits to be brought by or against them. It is equally manifest it was intended to vest a discretion in the Legislature in reference

to the jurisdiction to be given to Justices of the Peace. The Justice law in force at that time made a distinction between corporations, and exempted municipal corporations from suits before Justices of the Peace; and this provision in the law may have suggested the propriety of vesting some discretion in the Legislature in regard to the persons, or artificial beings, who should be subject to the jurisdiction of a Justice. The power to exempt municipal corporations from suits before a Justice, is plainly given to the Legislature in article 6, and we accordingly decide that the Justice had no jurisdiction over the defendants, and consequently his judgment against them was void, and no suit can be maintained upon it. Therefore, the judgment of the Circuit Judge must be confirmed.

3. Mich. 436