## Rier N. Goodsell v. Heman Leonard.

*Pleadings: Declaration on justice's judgment.* A declaration on a justice's judgment requires no further allegation in regard to jurisdiction, than would be required in a suit upon the judgment of a court of record.

*Justices' courts: Judicial notice.* Within the limits provided for by the constitution of Michigan, justices' courts are ordinary courts of justice, not within the rigid rules applying to courts of special and limited jurisdiction proceeding contrary to the course of the common law; and all courts take judicial notice of the extent of their jurisdiction and powers.

*Transcript of justice's judgment as evidence.* A transcript of a justice's judgment, which complies with § *3893 Compiled Laws*, and is certified to be a transcript of the judgment and of all the proceedings so far as they appear on the docket, is sufficient to entitle it to be read in evidence, without further statements. This section is complete in itself, and the general chapter on "Evidence" (*Comp. L., Chap. 127*), requiring a fuller certificate, does not apply to the case.

*Submitted on briefs, July 13.    Decided October 8.*

Error to Ottawa Circuit.

This was an action of assumpsit, brought by Leonard against Goodsell. The judgment below was in favor of the plaintiff, and the defendant brings the cause to this court by writ of error.

*Rogers & Clay,* for plaintiff in error.

*Heman Leonard,* defendant in error, in person, with whom was *Andrew T. McReynolds.*

CAMPBELL, CH. J.

Suit was brought, counting, among other things, upon a justice's judgment, which was briefly declared upon in the

usual form applicable to judgments in courts of record, without stating the particular facts whereby the justice obtained jurisdiction. When proof was offered at the trial, objection was made, on the ground that the declaration did not show the jurisdiction, but the objection was overruled.

We think this ruling was correct. If justices' courts under our system can be likened to the courts of inferior jurisdiction referred to in the common-law authorities, the better doctrine has long been, even in regard to such tribunals, that such a declaration as was used here is sufficient, without further allegations. Our constitution does not regard them as courts exercising special and limited powers in the strict sense, but fixes in such courts an exclusive jurisdiction in civil cases to one hundred dollars, and a concurrent one to three hundred dollars, except as it may be otherwise provided by statute. They are, for such purposes, the ordinary tribunals of justice. All courts are bound, judicially, to know the extent of their powers, and their authority is in no sense contrary to the course of the common law, any more than that of the circuit courts. There is no good reason, therefore, for applying to declarations on their judgments any different rules from those which would apply to any other judgments. *Mr. Chitty* says that the modern doctrine has dispensed with more particular allegations; and the notes to *Williams' Saunders, 1 Saund. R., 92, Note (2)*, are to the same effect.—*1 Ch. Pl., 371.* The amount of the judgment, and its character as a judgment in assumpsit, show affirmatively that it was within the general jurisdiction of the justice who rendered it, and no more was required. It was not a case of special jurisdiction, or exceptional.

It was also objected that a transcript was improperly admitted in evidence, for the alleged defect that it did not show that it had been compared with the original, and was

a correct transcript therefrom, and of the whole of such original.

This certificate declares the transcript to be a "transcript from the docket of Benjamin A. Harlan, late a justice of the peace of the city of Grand Rapids, in said county, of the judgment rendered by him in the above entitled cause, and of all the proceedings had by and before him in the cause, so far as they appear upon his docket, which is in my possession, and of which docket and of said judgment I have control."

The *Compiled Laws* (§ *3893*) provide that "A transcript from the docket of any justice of the peace of any judgment had before him; of the proceedings in the cause previous to such judgment; of the execution issued thereon, if any, and of the return to such execution, if any, when certified by the justice having control of such docket, shall be evidence to prove the facts stated in such transcript."

This section is complete in itself, and the transcript fully complies with its provisions. We do not think the provisions of the general chapter on "Evidence," have any application to qualify this provision. The certificate is very exact and explicit and leaves no room for doubt as to the completeness of the papers. The court properly received it.

Judgment must be affirmed with costs.

COOLEY and GRAVES, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.