THE PEOPLE EX REL. CHRISTOPHER ALLEN v. THE CIR-
CUIT JUDGE FOR KENT COUNTY.

*Superior Court of Grand Rapids—Jurisdiction of Appeals from Justices.*

The circuit courts and courts of justices of the peace are consti-
tutional courts, and the jurisdiction conferred on either by
the constitution is beyond the reach of legislation.

The Superior Court of Grand Rapids can have no jurisdiction of
appeals from justices' courts, and Acts 49 of 1875 and 147 of 1877
transferring such jurisdiction from the circuit court to it, in
certain cases, are so far unconstitutional and void.

MANDAMUS to vacate an order dismissing an appeal.
The facts are shown in the opinion. Submitted and decided
October 24.

*Williams & Harlan* for the writ.

*H. P. Churchill* against.

COOLEY, C. J. The relator appealed a case from a jus-
tice's court to the circuit court for the county of Kent, and
that court has dismissed the appeal on affidavits showing that
one of the parties to the case resides within the city of
Grand Rapids. The action of the court is based upon the
supposition that by the act creating the Superior Court of
Grand Rapids (Laws 1875, p. 42) and the act amendatory
thereof (Laws 1877, p. 138), jurisdiction of cases appealed
from justices' courts where one of the parties resides in the
city of Grand Rapids, is taken from the circuit court and
conferred upon the Superior Court.

The act last mentioned in terms purports to transfer this
jurisdiction, but it does not in our opinion accomplish it.
One difficulty in the case is that the act of 1877 wholly
fails to make any provisions by means of which the Superior
Court could obtain jurisdiction of appeal cases. All the
statutes relating to appeals remain as they were before the
act of 1877, and they still provide in terms that appeals
shall be taken and returns made to the circuit court. How

then shall the Superior Court obtain jurisdiction of these
cases? No provision is made by statute for a transfer of
them from the circuit to the Superior Court, and it is not
claimed here that any authority to order such a transfer can
be taken by implication. The circuit court appears to hold
that as a necessary effect of the change effected by the stat-
ute of 1877, justices from whom are taken appeals, in cases
where one of the parties resides in the city of Grand Rapids,
are now by implication of law required to make their returns
to the Superior Court. But why the implication of law should
apply to the action of the justice in making his return to
the appeal rather than to that of the circuit court to effect
a transfer afterwards, is not very apparent. Nor could any
implication be effectual without the assistance of some show-
ing for which no provision of law is made. The jurisdic-
tion is to depend upon the residence of parties. Now, ex-
cept in some special cases, the residence of the parties would
be immaterial to the proceedings before the justice, and
would neither be averred nor brought into question there;
and if the justice must act with reference to it in making his
return, he must in some manner determine the fact, and
determine it correctly, or the appeal must be dismissed. It
will not be pretended that the justice can judicially take
notice of such facts: he could not judicially have any
knowledge on the subject except as the facts were made
known to him in some legal form. As the validity of the
appeal would depend upon the correctness of his conclusion
on this question, it would seem to follow that the parties
must be entitled to be heard upon it; and thus by impli-
cation we have a judicial hearing made necessary for which
no provision of law is made. This statement is sufficient to
show how utterly the act of 1877 has failed to divest the
circuit court of any portion of its appellate jurisdiction. It
follows that the right of appeal to the circuit court remains
undisturbed.

Under ordinary circumstances we should pause here and
leave the important question of constitutional authority un-
touched; but as the question has been fully presented, and
it seems to us very clear, it is perhaps proper for us to add

that we have been unable to understand on what ground it can be claimed that the supervisory authority of the circuit courts over justices' courts, which is so specifically given by the constitution, can be taken away by legislation. Both these classes of courts are constitutional courts, and so far as any jurisdiction is conferred upon either by the constitution, it is beyond the reach of the legislative power. In several particulars the jurisdiction of each is defined by the constitution, but in respect to none is that instrument more specific than in placing the circuit court as an appellate tribunal over the justices' courts, and in giving it a supervisory control. While it may be and has been claimed that the appellate jurisdiction still remains, though some cases are removed from its scope, there can be no plausible argument, as we think, that the supervisory control is left unimpaired when as to a large class of cases it is wholly superseded, and the control conferred upon another tribunal. Any reasoning that would support such legislation would justify a like apportionment of the probate jurisdiction between the constitutional probate court and the municipal courts of legislative creation.

The writ must issue as prayed.

GRAVES and CAMPBELL, JJ., concurred.

MARSTON, J., did not sit in this case.