STEPHEN H. CLINK v. FRED. J. RUSSELL, CIRCUIT JUDGE FOR
MUSKEGON COUNTY.

*Special bail—Time—Notaries.*

1. If the twenty days within which a person arrested on a capias is
entitled to file special bail, expire on Sunday, he has the whole of
the following day in which to file it.

2. A recognizance of special bail acknowledged before a notary public
is void; notaries have no power to take such acknowledgments.

3. A motion to strike from the files is the proper procedure for getting
rid of a document that is a nullity.

4. A default for failing to file special bail may be disregarded if prema-
turely entered: and if an attempt in good faith to file such bail has
been made, but the bail turns out to be a nullity, defendant should
be allowed a farther reasonable opportunity to file it and to perfect
it if excepted to.

Mandamus.  Submitted Oct. 20.  Denied Oct. 27.

*Stephen H. Clink,* in person, for relator.

*Francis W. Cook* for respondent.

BY THE COURT.  The relator was arrested on a capias ad
respondendum on or about the 5th day of May, 1885, at the
suit of F. W. Cook, and gave bail to the sheriff of Muskegon
county.  The writ was returnable on the 18th day of May.
The twenty days after the return-day of the writ expired on
Sunday, the 7th day of June.  The relator, assuming that
he had the whole of Monday, the 8th, in which to put in
special bail, filed on that day a paper in the statutory form
of a recognizance, taken and acknowledged before a notary
public of Muskegon county.

The plaintiff in the suit, assuming that where the twentieth
day of the writ expires on Sunday the defendant was required
to put in his recognizance of bail as early as the Saturday
preceding, proceeded on Monday to enter the defendant's

default for want of appearance, and took an assignment of the bail-bond to the sheriff, and upon the same day commenced suit thereon; and afterwards moved the court to strike the paper writing, purporting to be a recognizance of special bail filed by the relator, from the files, for the following reasons: (1) Because it was not executed and filed within twenty days after the return-day of the writ. (2) Before it was filed, plaintiff had taken an assignment of the bond to the sheriff and commenced suit thereon. (3) It was not taken and acknowledged before any officer or person authorized by the laws of this State or the rules of this Court to take acknowledgments of recognizance of special bail. (4) It was void, and filed without authority. The court granted the motion, and the paper was stricken from the files.

The relator applies to this Court for a mandamus to compel the circuit judge to reverse his action and restore the paper to the files, for the reasons (1st) that it was filed in the time prescribed by the rules and practice of the court; and (2d) if so, the motion to strike from the files was not the proper remedy, but the plaintiff should have excepted to the sufficiency of the bail.

The first question presented is whether, under the rules and practice of the court, the defendant had the following Monday to put in bail, where the twenty days after the return-day of the writ expires on Sunday. The statute does not, in express terms, limit the time in which the special bail is to be put in, to twenty days after the return-day of the writ. It prescribes that the defendant shall be entitled to be discharged from arrest on executing a bond to the sheriff or officer making the same, conditioned that the defendant will appear in the action by putting in special bail within twenty days after the return-day specified in the writ, and perfecting such bail according to the rules and practice of the court. We are not aware that this precise question has been passed upon by the courts of the state of New York, from which our statute, in this respect, was adopted; and it is the first time it has been presented to this Court. Looking at the object which is sought to be accomplished by the statute and prac-

tice in suits instituted by capias, we think the strict construction which would be required if the statute, in terms, required the act to be done in twenty days, should not be applied.   The rules of practice provide that when the time within which the act to be done expires on Sunday, the party shall have the succeeding day to perform the act.   We think this rule applies to the case before us.   Were there any doubt upon the question, such construction should be given as would prevent a forfeiture.   This is the settled rule in analogous cases.

It follows that the defendant in the suit was entitled to the whole of Monday, the 8th day of June, in which to put in special bail before his default could be taken; and that the assignment of the bail-bond given to the sheriff was premature, and the action commenced thereon before the time for putting in special bail had expired, cannot be maintained.

. The paper writing filed by the relator on the 8th day of June with the clerk is not a recognizance, and was rightly stricken from the files by the circuit judge.   "To make a good recognizance or obligation of record, the form prescribed must be pursued, therefore they may not be acknowledged before any others besides the persons appointed by the statutes, and the substantial forms of the statute are to be observed."   *Bacon's Case* 2 Dyer 220 ; *Hall v. Winckfeild* Hob. 195; Toml. Law Dict. tit. "Recognizance."   This is apparent also from the signification of the word; it being an obligation of record entered into before a court or officer *duly authorized* for that purpose.   The statute requires that a recognizance of special bail may be taken before any justice of the Supreme Court, or any circuit judge, circuit court commissioner, or clerk of any court of record.   Notaries public are not authorized to take such recognizance.   A paper writing in the form prescribed for special bail taken before a notary public is of no binding force whatever.   It is not merely an irregularity : it is a nullity; and the proper remedy on the part of the plaintiff is a motion to strike from the files.

As there has been no default properly entered in this case,

the relator, being the defendant in the suit, may still appear to the action by putting in special bail and perfecting the same if excepted to. The default, being prematurely entered, may be disregarded. The relator should, if he desires, be permitted to contest the plaintiff's cause of action upon the merits, and no undue haste to prevent him from so doing will, we are justified in presuming, be sanctioned by the circuit court in which the action is pending. If the relator does not proceed with reasonable promptness to appear in the cause, he will lose the right accorded to him under the rules and practice of the court. We have sufficiently indicated what is the correct practice to pursue under the circumstances of this case, and under the showing made

The mandamus will be denied without costs.