<hr/>

## THE PEOPLE v. ANDREW J. POND.

*Criminal law—Exclusive jurisdiction of municipal court—Construction of charter—Title of act.*

1. Section 161 of Act No. 435, Local Acts of 1887, which vests in the police court *exclusive* and *original* jurisdiction to hear, try, and determine all criminal cases wherein the offense charged shall have been committed within the corporate limits of Bay City, applies to offenses committed *after* the act took effect, leaving *prior* ones to be heard, tried, and determined before justices of the peace.

2. The establishment of municipal courts is *germane* to the subject of acts which provide for the incorporation of cities, and equally so to acts revising the charters of such cities. *People v. Hurst*, 41 Mich. 328; *Attorney General v. Amos*, 60 Id. 372.

3. The Court declined to pass upon the constitutionality of the act in question, in so far as it attempts to deprive justices of the peace of all criminal jurisdiction by making that of the police justice exclusive, the question not properly arising on the record.[1]

Error to Bay. (Green, J.) Argued June 28, 1887. Decided October 6, 1887.

Respondent was convicted of selling liquor in Bay City without paying the statutory tax. Judgment of circuit court,

<hr/>

[1] See *Averell v. Perrott*, 41 N. W. Rep. 929, holding that portion unconstitutional which deprives the justice of jurisdiction as *conservator of the peace*. *Perrott v. Pierce*, decided June 28, 1889, affirms the validity of the section in other respects.

affirming justice's judgment, affirmed.    The facts are stated in the opinion.

*Lindner, Porter & Haffey*, for respondent.

*James Van Kleeck*, prosecuting attorney, for the People.

CHAMPLIN, J.    At the recent session of the Legislature an act was passed entitled—

"An act to revise 'An act to revise an act to incorporate the city of Bay City,' approved March 30, 1881, as amended and revised by the several acts amendatory and revisionary thereof, and to add twenty-three new sections thereto, to stand as sections 149 to 171, inclusive, and to repeal sections 90 and 101 of said act."

This act was approved April 16, 1887, and took immediate effect.[1]

Section 161 reads as follows:

"The police court shall have exclusive and original jurisdiction to hear, try, and determine all criminal cases wherein the crime, misdemeanor, or offense charged shall have been committed within the corporate limits of the city of Bay City," etc.

The respondent was prosecuted for selling liquor in Bay City on the eleventh day of April, 1887, without having paid the tax therefor as provided in Act No. 156, Laws of 1881.

Complaint was made, and a warrant was issued by a justice of the peace of the city of Bay City and county of Bay, on the twelfth day of April, 1887, and respondent was arrested and brought before said justice.    He was arraigned, and pleaded not guilty, and the cause was thereupon adjourned to the tenth day of May following.    On the adjourned day respondent moved to be discharged, on the ground that the court had no jurisdiction, which motion was overruled, a trial had, and respondent convicted.    He took a *certiorari* to the circuit court, where the conviction was affirmed.    Thereupon he sued out his writ of error to this Court.

The errors assigned are as follows:

---

[1] Act No. 435, Local Acts of 1887.

"1. The circuit judge, on the hearing of said cause, erred in deciding, as did the justice of the peace on the trial before him (the said justice) of said cause, that he (the said justice) had jurisdiction to hear, try, and determine the said cause, there being then and there existing a police court having, by law, exclusive jurisdiction to hear, try, and determine all criminal cases wherein the crime, misdemeanor, or offense is charged to have been committed within the territory in which the offense in this cause is claimed to have been committed, namely, in the city of Bay City, Michigan.

"2. The circuit judge, on the hearing of said cause, erred in deciding to affirm the judgment of the justice of the peace before whom said cause was tried.

"3. The circuit judge, on the hearing of said cause, erred in deciding that the justice of the peace before whom the said cause was tried committed no error in overruling the motion of defendant to dismiss the proceedings in said cause, and discharge this defendant, for the reason that he (the said justice) had no jurisdiction by law to hear, try, and determine the said cause."

The claim is made that this amendment to the charter of Bay City by implication repeals or takes away the jurisdiction theretofore conferred upon justices of the peace in criminal matters, and affects not only those offenses which may be committed in the future, but applies to offenses committed before the act took effect, which were cognizable before justices of the peace, and upon which the jurisdiction of the justice had attached by proper complaint and arrest. We do not think such was the intention of the Legislature. Properly construed, the act applies to those offenses which shall be committed after the act takes effect, and leaves those which had been committed before to be heard, tried, and determined before justices of the peace. This construction harmonizes the act amending the charter with the general law in force at the time of its passage.

It is claimed, in behalf of the people, that the act is unconstitutional for two reasons:

*First.* That it conflicts with that provision of the Constitution which declares that no law shall embrace more than one object, which shall be expressed in its title.

It is urged that the object of a city charter is to provide for the government of the city, but this act seeks to control the affairs of the county and State as well; that the government of the municipality, and the administration of the criminal laws of the State, are separate objects of legislation, and should be considered separately.

The Constitution, however, declares that municipal courts of civil and criminal jurisdiction may be established by the Legislature in cities. The establishment of municipal courts is therefore germane to the subject of acts which provide for the incorporation of cities, and equally so to acts revising the charters of such cities. *Attorney General v. Amos,* 60 Mich. 372; *People v. Hvrst,* 41 Id. 328.

The *second* constitutional question raised is the attempt by this act to deprive justices of the peace of all criminal jurisdiction, by making that of the police justice exclusive. We shall not, upon this record, decide this question, as it does not properly arise.

As we intimate l in the case of *People v. Kent Circuit Judge,* 37 Mich. 474, there are certain jurisdictional powers conferred by the Constitution upon justices of the peace which are beyond the reach of legislative power to destroy; yet, as the question is not presented by this record, and is not necessary to a decision of the question involved, we shall not discuss them now.

There are several important constitutional questions bearing upon the authority of the Legislature to constitute a police court, and provide for its organization and powers in the manner provided for by this charter, and the extent to which the general criminal laws of the State can be varied; but on this record we cannot decide all these questions. We agree with counsel that an early decision is desirable, and we shall be ready, upon an application by *mandamus,* or in any other proper way, to dispose of them as soon as brought

before us in a tangible shape, and to facilitate their presentation as far as practicable.

The judgment of the circuit court is affirmed, and the court is advised to order the judgment to be carried into execution.

The other Justices concurred.

