119    535
s78NW  651
130   ² 65

119   535
e148 ²522

SUNDERLIN *v.* BOARD OF SUPERVISORS OF IONIA CO.

1. JUSTICES OF THE PEACE—STATUTES—SUFFICIENCY OF TITLE.
    The title of Act No. 108, Pub. Acts 1883 ( 2 How. Stat. § 7135*a* ),
    "An act to define the duties of justices of the peace in cer-
    tain cases," sufficiently indicates its provisions, making it
    unlawful for justices to issue warrants in criminal cases
    ( with certain exceptions ) until an order therefor, signed
    by the prosecuting attorney, is filed with the justice, or
    security for costs is given.

2. SAME—JURISDICTION—LEGISLATIVE REGULATION—FEES.
    Under Const. art. 6, § 18, providing that justices of the peace
    "shall have such criminal jurisdiction and perform such
    duties as shall be prescribed by the legislature," the legisla-
    ture has the right to provide for the filing of security for
    costs, or of an order from the prosecuting attorney, before
    justices may entertain criminal complaints, and for their
    reporting all such proceedings to the prosecutor, and to pre-
    scribe, as the penalty for neglect or refusal to observe the re-
    quirements, the forfeiture of fees.

*Certiorari* to Ionia; Davis, J.    Submitted January 3,
1899.    Decided March 23, 1899.

*Mandamus* by Harry E. Sunderlin, administrator of
the estate of Alonzo A. Sunderlin, deceased, to compel the
board of supervisors of Ionia county to allow a bill for
services rendered by deceased as a justice of the peace.
From an order granting the writ, respondent brings *cer-
tiorari.*    Reversed.

*V. H. & H. H. Smith* and *Morse & Locke*, for relator.

*John B. Chaddock*, for respondent.

MOORE, J. Harry E. Sunderlin is the administrator of the estate of Alonzo A. Sunderlin, deceased. Alonzo A. Sunderlin was a justice of the peace from July 4, 1896, until his death, February 3, 1898. Forty-seven persons were convicted before him charged with being disorderly, within the meaning of section 1, Act No. 264, Pub. Acts 1889 (3 How. Stat. § 1997*a*), as amended. At the January session, 1898, of the board of supervisors, he presented his bill for services in these cases to the board of supervisors. His bill was not allowed, because Mr. Sunderlin did not comply with the provisions of 1 How. Stat. §§ 772, 773, and 2 How. Stat. § 7135*a*. Application was then made to the circuit judge for a writ of *mandamus* to compel the board of supervisors to allow these fees. The writ was ordered. *Certiorari* is brought to review this action of the circuit judge.

The record shows that none of the following things were done by the justice of the peace in any of the cases in which he sought to have his fees allowed:

1. No order in writing, signed by the prosecuting attorney of the county of Ionia, had been filed with said justice before issuing his warrant.

2. No security for costs in any of the cases had been filed with the justice before issuing his warrant.

3. No report had been filed with the prosecuting attorney within 10 days after the final determination of the proceedings had before him in these cases, and for which he claimed he was entitled to fees.

Section 7135*a*, 2 How. Stat. (Act No. 108, Pub. Acts 1883), reads as follows:

" That it shall not be lawful hereafter for justices of the peace to issue warrants in any criminal cases, except in cases not cognizable by justices of the peace, or breach of the peace committed in the presence of the officer making the arrest, until an order in writing allowing the same is filed with such justice, and signed by the prosecuting

attorney for the county, or unless security for costs shall have been filed with said justice: *Provided*, this act shall in no way limit or affect the force of section 11 of Act No. 259 of the Session Laws of 1881,[1] as to security for costs."

Section 772 requires the justice, within 10 days after the final disposition of any criminal or other proceedings to which the people of this State are a party, or wherein the county may be liable for any costs, to make a report to the prosecuting attorney of the county, and provides in detail what the report shall contain. Section 773 provides, among other things, that, if the justice neglect or refuse to make such report, he shall forfeit all right to any fees for his services in any proceeding where such neglect or refusal occurs.

It is said the first of these sections is unconstitutional, because the title of Act No. 108, Pub. Acts 1883, reads, "An act to define the duties of justices of the peace in certain cases." It is argued that the phrase "define the duties" can never be construed, and never has been construed, to mean the prohibition of action on the part of such officers; that the act is unconstitutional, since its object is not set forth in its title; citing *People* v. *Bradley*, 36 Mich. 452. This contention is not tenable. The statute does not prohibit the magistrate from acting in all cases, but simply requires that, as to some of them, before he shall act he must do the things required by the statute.

It is urged the magistrate may ignore the provisions of both of these statutes; that he is a constitutional officer (*People* v. *Kent Circuit Judge*, 37 Mich. 474), vested with judicial power by the Constitution (article 6, § 1); and that one in whom judicial power has been vested cannot be deprived of it (*Allor* v. *Board of Auditors of Wayne Co.*, 43 Mich. 101; *People* v. *Kent Circuit Judge, supra*). It is also said that section 7135a was not intended to limit or curtail the jurisdiction of justices of the peace in criminal cases ( citing *People* v. *Griswold*,

---

[1] 1 How. Stat. § 2280.

64 Mich. 722), and that, as the magistrate had jurisdiction and performed the services, "all the supervisors can do, by way of adjusting them, is to see that the services have been actually rendered, and that the fees charged are in accordance with the fees established by law for such services;" citing *People* v. *Supervisors of Macomb Co.*, 3 Mich. 480; *People* v. *Board of Auditors of Wayne Co.*, 13 Mich. 237; *People* v. *Supervisors of Manistee Co.*, 26 Mich. 426; *People* v. *Wayne County Treasurer*, 25 Mich. 90; *Board of Metropolitan Police of Detroit* v. *Board of Auditors of Wayne Co.*, 93 Mich. 306.

It is true, a justice of the peace is a constitutional officer with judicial powers. It is well, however, not to overlook article 6, § 18, of the Constitution, which reads:

"In civil cases, justices of the peace shall have exclusive jurisdiction to the amount of one hundred dollars, and concurrent jurisdiction to the amount of three hundred dollars, which may be increased to five hundred dollars, with such exceptions and restrictions as may be provided by law. They shall also have such criminal jurisdiction and perform such duties as shall be prescribed by the legislature."

This section has been construed in the following cases: *Root* v. *Mayor*, 3 Mich. 433, where it was held it was competent for the legislature to provide that suits against municipalities should not be brought before justices of the peace, even though the amount involved was less than $100. *Gurney* v. *Mayor, etc., of St. Clair*, 11 Mich. 202; *Goodsell* v. *Leonard*, 23 Mich. 374. In *Allor* v. *Board of Auditors of Wayne Co.*, 43 Mich. 100 (38 Am. Rep. 159), it is said the power of justices of the peace to try criminal offenders is statutory. In *Milroy* v. *Mining Co.*, 43 Mich. 231, it is said:

"The Constitution does not prohibit the legislature from giving circuit courts jurisdiction in cases where the amount claimed is less than $100. The Constitution (article 6, § 18) gives to the justices of the peace in civil cases exclusive jurisdiction to the amount of $100, with such exceptions and restrictions as may be provided by law."

See, also, *Messenger* v. *Teagan,* 106 Mich. 656; *Sterling* v. *Regents of University of Michigan,* 110 Mich. 383 ( 34 L. R. A. 150).

The language of the Constitution is very clear, that magistrates shall have such criminal jurisdiction and perform such duties as shall be prescribed by the legislature. No mention of the fees to be paid to justices of the peace is made in the Constitution. It would doubtless be competent for the legislature to provide their services should be rendered, as they are in some countries, without pay. It has not seen fit to do so, but has provided the amount of fees which shall be paid and to whom the bills shall be presented. Can the right of the legislature to provide in what criminal cases the magistrate shall entertain a complaint, and in what cases he shall decline to entertain a complaint, be questioned, in view of the broad powers conferred upon the legislature by the Constitution? May not the legislature, in cases where the people are a party, and the county may have to respond for the costs of the proceedings, prescribe the duties of the magistrate, and provide that, in case of neglect or refusal to perform his duty, he shall not have the fees provided by law? We think both of these questions must be answered in the affirmative, and that the plain requirements of the statute cannot be ignored by the magistrate.

The order of the circuit court is reversed.

The other Justices concurred.