HUTCHINSON *v.* BOARD OF SUPERVISORS OF IONIA CO.

CURRY *v.* SAME.

1. CRIMINAL LAW—JUSTICES' COURTS—SECURITY FOR COSTS.

A bond signed in blank by a surety, and left with a justice of the peace, to fill in and use as he sees fit in disorderly cases where the prosecutor has not given an order for the arrest, is not a compliance with section 1061, 1 Comp. Laws, providing that no warrant shall issue "unless security for costs shall have been filed with said justice."

2. DISORDERLY PERSONS—PREVIOUS CONVICTION—DUTY OF JUSTICE.

Section 5927, 2 Comp. Laws, makes it the duty of justices of the peace, when disorderly persons are brought before them, to examine their dockets, and ascertain from the officer making complaint, if they can, whether the person has been previously convicted of a similar offense.

3. JUSTICES OF THE PEACE—FORFEITURE OF FEES—REPORT TO PROSECUTOR.

Section 1062, 1 Comp. Laws, providing that justices of the peace shall, in their report to the prosecuting attorney, make "an itemized statement of the officers' and court fees, and how the same were disbursed, if paid to such justice," requires an itemized statement whether paid to the justice or not, and failure to make such statement results in a forfeiture of his fees.

*Certiorari* to Ionia; Davis, J. Submitted February 18, 1902. (Calendar Nos. 19100, 19101.) Decided March 18, 1902.

*Mandamus* by Frederick S. Hutchinson and James Curry to compel the board of supervisors of Ionia county to allow certain fees to relators as justices of the peace. From orders granting the writs, respondent brings *certiorari.* Reversed.

The relators are justices of the peace of the city of Ionia, Ionia county. They presented bills for their ser-

vices as such justices in the alleged trial of offenders brought before them, as they assert, under sections 5923, 11736, Comp. Laws.   The respondent refused to allow the bills, claiming that the relators had not complied with the statutes, and were therefore not entitled to their fees. It is also charged that there was collusion between the relators and the officers to bring these prisoners (mostly tramps) before the relators.   Issues were framed in the circuit court, testimony taken thereon, and the court found that the relators were entitled to their fees.

The police officers who arrested these vagrants were both constables and police officers of the city.   The prosecuting attorney refused to give a written order allowing these arrests, and the justices therefore required security for costs, under section 1061, 1 Comp. Laws.   The constables made complaints.   The bonds were signed in blank by one surety, and left with the justices.   When a prisoner was brought in, one of these blank bonds, with the surety's name attached, was filled out by the justice with the name of the prisoner, the offense charged, and the amount of the bond.   The bond was also signed by the constable making the arrest and complaint, but when does not appear.   The prisoners always pleaded guilty, and were committed to jail.   In the case of relator Hutchinson, the commitments were from 1 to 15 days.   One was committed 15 days; 16 were committed 10 days; 2, 8 days; 1, 7 days; 37, 6 days; and 21, 5 days.

*Morse & Locke*, for relator Hutchinson.

*Miller & McKenna* and *James Curry, Jr.*, for relator Curry.

*William K. Clute*, Prosecuting Attorney, for respondent.

Grant, J. (*after stating the facts*).   1. It is contended that the method of giving security for costs adopted by the relators was not in compliance with the law.   We concur

in this contention. Counsel cite several authorities to the effect that, where a party signs and delivers an instrument in blank, authorizing a party to fill it in after signing, he is estopped to deny its validity, and the instrument is therefore binding. This rule of law is not disputed. That, however, is not the question to be determined. The question is, Are bonds in criminal cases, signed in blank by a surety, and left with the officer of the law to fill in and use as he sees fit, after the alleged offender is arrested, a compliance with the statute providing that no warrant shall issue "unless security for costs shall have been filed with said justice ?" If this be the law, then any officer, judicial or otherwise, required to take bonds in specific cases, can induce some one to sign a lot of blank bonds as surety, keep them in his office, and, whenever occasion requires, take one out, fill in the date and amount, and file it where the law requires. This is a novel proposition, and one we have never heard advanced before, where officers of the law are required to take bonds. If this be the law, then justices of the peace can keep a lot of blank bonds, signed by sureties, to be used in cases of appeal from them to the circuit courts, and use them years after they are signed. So, also, can the circuit judges of the State, for convenience, keep a lot of such bonds on hand, to be used in taking appeals from their decisions and judgments to the Supreme Court. The statement of the proposition is sufficient to condemn it. Such a procedure is contrary to public policy. The statute clearly contemplates that the bondsmen shall come before the justice in each case; that a bond, with such sureties as he may require and approve, shall then and there be executed and filed with him, before the warrant issues. The custom of relators is a clear evasion of the statute.

2. In their reports to the prosecuting attorney, the relators made a statement of their own fees, but did not state the fees of the officers making the arrests. It is claimed on behalf of relators that this is not necessary, under the statute. Section 1062, 1 Comp. Laws, provides that in

this report the justice shall, among other things, give "an itemized statement of the officers' and court fees and how the same were disbursed, if paid to such justice." Counsel insist that this itemized statement is required only when the fees are paid to the justice by the party arrested. The reason for this is based upon the fact that there is no comma in the sentence after the word "fees." They admit that the contention of the prosecuting attorney would be correct if a comma were there inserted. We do not think this a fair construction. It is of more importance that the reports contain the officers' and the court fees where they are not paid than where they are. If the offender is found guilty and pays the costs, the public is not interested, only so far as it may desire to see that even a prisoner is justly treated, and that no more costs are collected from him than the law allows. We think it plain that the statute requires a statement of the fees of both the officer and the justice. The blanks furnished to relators on which to make these returns have columns for the statement of the officers' expenses, as well as for the court expenses. The reports are fatally defective in this respect. A failure to comply with the statute results in a forfeiture of fees. *Sunderlin* v. *Board of Sup'rs of Ionia Co.*, 119 Mich. 535 (78 N. W. 651).

3. It also appears from the admissions of the relators themselves that they did not comply with section 5927, 2 Comp. Laws, which makes it the duty of justices of the peace, when offenders of this character are brought before them, to examine their dockets, and to ascertain from the officers, if they can, whether the person brought before them has been previously convicted. If he has, the law requires that he shall be proceeded against in the manner provided by section 5924, 2 Comp. Laws, for a second or third offense. The statute provides that for a third and all subsequent convictions, the offenders being so charged, the punishment shall be imprisonment not less than six months, nor more than two years. It is quite evident that

these relators ignored this important statute, which, if enforced, would undoubtedly do much to prevent drunkenness, and the various disorderly acts which are made criminal under section 5923.

The judgment of the circuit court is reversed, and a judgment entered in this court for respondent.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.