CLUTE *v.* IONIA CIRCUIT JUDGE.

1. RECOGNIZANCE—EXECUTION IN ADVANCE OF ARREST—VALIDITY.
   Where an instrument in the form of a recognizance was prepared and signed by the sureties before the arrest of the principal, and the next day was certified by the justice, in due form, as and for a recognizance taken before him, the instrument was void.

2. MANDAMUS—COSTS.
   Costs will not follow on the denial of an application for *mandamus,* made by the prosecuting attorney in the interest of the public.

*Mandamus* by William K. Clute, prosecuting attorney of Ionia county, to compel Frank D. M. Davis, circuit judge of said county, to vacate an order remitting the penalty of an alleged recognizance. Submitted April 22, 1902. (Calendar No. 19,214.) Writ denied June 24, 1902.

*William K. Clute, in pro. per.*

*Morse & Locke,* for respondent.

MONTGOMERY, J. This is an application for *mandamus* to compel the circuit judge to vacate an order remitting the penalty of a recognizance, which purported to be given in the sum of $500, for the appearance of George J. Bogart at his examination upon a charge of forgery. It appeared on the application before the circuit judge that the so-called recognizance was prepared in advance of the arrest of the principal, Bogart, was presented to the sureties and signed by them, and was upon the following day certified by the justice, in due form, as and for a recognizance taken before him. The circuit judge was of the opinion that the paper executed in this manner was not valid, and created no liability, either under the statute or the common law, as against the sureties; and the correctness of this ruling presents the sole question in the case.

We think the ruling was in line with the weight of authority and with the previous holdings of this court. The justice had no jurisdiction to accept the recognizance except in a case actually pending before him, and when the paper was presented to him he must be presumed to have known this fact, and that no authority existed for releasing the accused upon such a recognizance. The case, in principle, is like *Clink* v. *Muskegon Circuit Judge*, 58 Mich. 242 (25 N. W. 175), where a recognizance of special bail was acknowledged before a notary public. It was held that, as notaries public have no power to take such recognizances, the recognizance was void. The precise question involved in this case was recently decided by

the supreme court of Pennsylvania in *Com.* v. *Hickey*, 172 Pa. St. 39 (33 Atl. 188). It was there said:

"The magistrate could not certify that he had done an act which he had not done, and, as that act was essential to any obligation of the defendant, there was nothing to support the action."

See, also, *Dickenson* v. *State*, 20 Neb. 72 (29 N. W. 184); *Harris* v. *Simpson*, 14 Am. Dec. 101, and notes; *Williams* v. *Shelby*, 2 Or. 144; *Powell* v. *State*, 15 Ohio, 579; *Hutchinson* v. *Board of Sup'rs of Ionia Co.*, 130 Mich. 62 (89 N. W. 561).

The application for *mandamus* will be denied, but, as the proceeding was instituted in the interest of the public, no costs will be allowed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.