BOARD OF SUPERVISORS OF MISSAUKEE COUNTY v. VAN LIEW.

1. COSTS — CRIMINAL PROSECUTIONS — LIABILITY OF COMPLAINING WITNESS.

A private person is not liable, under section 12014, 3 Comp. Laws, for the costs of a criminal prosecution begun by him and terminating in a nolle prosequi, where he made a full statement of the facts to the prosecuting attorney and the prosecution was authorized by him.

2. SAME—SECURITY.

Section 12014, 3 Comp. Laws, does not make the complaining party liable for the costs of a criminal prosecution terminating in a nolle prosequi where he has not given security, nor authorize the court in such case to make a certificate in his minutes that there was probable cause for making the complaint.

Error to Missaukee; Chittenden, J. Submitted January 11, 1907. (Docket No. 38.) Decided June 3, 1907.

Assumpsit by the board of supervisors of Missaukee county against George Van Liew for certain fees and costs in criminal proceedings instituted by defendant. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

Plaintiff instituted this suit in justice's court to recover certain fees and costs expended by the sheriff of the county in a criminal prosecution upon a complaint made by the defendant.   The action is in assumpsit.   Plaintiff recovered in the justice's court a judgment for $243. Upon appeal the circuit court, upon a statement of the plaintiff's cause of action, directed a verdict for the defendant.   The facts upon which plaintiff sought to recover are these, as appears from the opening statement of counsel:   Defendant had a chattel mortgage upon personal property, made by two parties, named Drew and Hendrick.   Contrary to the statute, they removed the property from the county.   Defendant made a complaint against them for larceny of the property.   Drew and Hendrick were found by the sheriff in Indiana, brought back, appeared before the justice, waived examination, were bound over to the circuit court for trial, and were there discharged upon a nolle prosequi, entered by the court upon motion of the prosecuting attorney.   The sheriff's bill of fees and expenses was presented to the plaintiff, allowed by it, and paid by the treasurer of the county.   Defendant gave no security for costs upon making complaint, and it does not appear that any security was demanded.   In entering the order the court did not certify that there was a probable cause for making the complaint by the defendant; neither does it appear that this subject was called to the attention of the court.

*E. F. Sawyer* (*William W. Potter*, of counsel), for appellant.

*F. O. Gaffney* (*Henry Miltner*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The liability of the defendant is based upon 3 Comp. Laws, § 12014, which reads as follows:

"That in all prosecutions for any crime or misdemeanor, when the prosecution is at the instance of a private person, and not of some public officer or of the grand jury, such person shall give security for costs, and if the defendant or prisoner be discharged on examination by such magistrate, or acquitted on trial, or a nolle prosequi be entered on the indictment by order of the court before which it may be pending, the prosecutor shall pay all costs which shall have accrued to the court, sheriff, constable and jury, and upon proceedings had upon such complaint, execution shall issue for the collection of such costs as in civil cases, as well against the surety as against the prosecutor, unless the magistrate or court before whom the complaint is made or trial is had, shall certify in his minutes that there was probable cause for the making of such complaint."

This statute was enacted in 1849 (Act No. 77, Laws of 1849). In 1883 (Act No. 108, Pub. Acts 1883) the legislature enacted—

"That it shall not be lawful hereafter for justices of the peace to issue warrants in any criminal cases, except in cases not cognizable by justices of the peace, or breach of the peace committed in the presence of the officer making the arrest, until an order in writing allowing the same is filed with such justice, and signed by the prosecuting attorney for the county, or unless security for cost shall have been filed with said justice: *Provided,*" etc. 1 Comp Laws, § 1061.

The proviso is unimportant.

It is held in *People* v. *Griswold*, 64 Mich. 722, that the failure to file security for costs, even in cases cognizable by justices of the peace, was no concern of the respondent, that the act did not limit or curtail the jurisdiction of justices of the peace, and that the people through their representative, the prosecuting attorney, might approve the prosecution, though no security were given. It is held in *Sunderlin* v. *Board of Sup'rs of Ionia Co.,*

119 Mich. 535, and *Hutchinson* v. *Board of Sup'rs of Ionia Co.*, 130 Mich. 62, that justices of the peace, by failure to comply with the statute, were subject to a loss of fees. By these provisions of the statute the public are sufficiently protected against liability for the costs of suits which are improvidently started and prosecuted at the instance of private individuals.

The crime charged by the defendant was a serious one. Counsel for plaintiff did not offer to show that the prosecution was not authorized by the prosecuting attorney. Counsel for defendant in their brief state that the prosecution was authorized by him, but there is no evidence of it. If the defendant made a truthful statement of all the facts to the prosecuting attorney, and he advised and authorized the prosecution, the defendant would not be liable in an action for malicious prosecution or false imprisonment. The same rule ought certainly to exempt him from the payment of costs, where he has acted in good faith, has not been asked to give security for costs, and the prosecuting attorney has waived it. Are prosecuting attorneys prohibited to entertain proceedings based upon the complaints of private citizens unless they will give security for costs? Undoubtedly the law contemplates that police officers, in all those crimes which affect the public welfare shall, upon the receipt of information, investigate, lay the results of their investigation before the prosecuting attorney and the magistrate, and themselves make the complaints if the prosecuting attorney directs them. The law neither requires nor prohibits a private individual to make complaints. In the absence of official action, the prosecuting attorney and the magistrate may determine whether the facts disclosed are sufficient to justify the making of a complaint, and may authorize the private citizen to make it. Where the private citizen has done this, acting under the advice or assent of the prosecuting attorney, he is not liable for the costs.

2. If, however, I am wrong in the above conclusion, I think it entirely clear that the statute does not make the

complaining party liable for the costs where no security
has been given. The action of the circuit judge in certi-
fying that there was probable cause for the making of the
complaint applies only where the complaining witness
has given security. The statute provides for a summary
disposition of the question of costs and the entry of judg-
ment, and that execution upon that judgment shall issue
against the complainant and his surety. The statute does
not say that the complaining party shall be liable without
security, or that the court may make the certificate in his
minutes where no security has been given. It does say
that he shall be liable when he has given security.

Two other important questions are presented by the
record; but this disposal of the case renders it unneces-
sary to discuss them.

Judgment affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, MONTGOM-
ERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.