STATE OF MINNESOTA *vs.* ROBERT J. PERRY and another, impleaded, etc.

December 15, 1881.

28  455
48  476

**Recognizance—Waiver of Preliminary Matters.**—If the officer in charge brings before a magistrate, having general jurisdiction to admit to bail, a prisoner, who is there permitted to make his application to be admitted to bail, all the substantial purposes of the statutory provisions as to the mode of bringing him up are accomplished, and, so far as they are concerned, any recognizance which the prisoner may enter into is well taken.

**Same—Time of Record.**—If a recognizance is of record in the proper court, at the time when the parties who entered into it are called upon to perform its conditions, it is in time as respects filing. The provision of Gen. St. 1878, c. 106, § 25, requiring a recognizance to be filed on or before the first day of the term of the district court before which the prisoner is bound to appear, is, as to time, directory.

**Same—Held properly taken, acknowledged and certified.**—The findings of the trial court, as to the time when the recognizance involved in this action was filed, as to the discharge of the prisoner, as to entering into and taking the recognizance and its sufficiency, and as to certifying the recognizance, considered, and *held* to be sustained by the evidence and pleadings, and the rules of law applicable thereto.

This action was brought in the district court for Olmsted county, upon a recognizance alleged to have been entered into by the defendant Benjamin F. Perry, as principal, and the other defendants as sureties. A jury was waived, and the action tried by *Start,* J., who found the facts, in substance, as follows: On November 22, 1880, the defendant Benjamin F. Perry, was duly and legally detained in the county jail of Olmsted county, in default of bail for his appearance at the then next general term of the district court for that county, to answer a charge of larceny from a shop. Being desirous of giving bail for his appearance, he made an application to the court commissioner for the county, and that officer issued an order, (the application and order both being irregular and informal,) pursuant to which Perry was brought and appeared before the commissioner

on November 23d, and thereupon he and the other defendants in this action waived all preliminary matters, and requested that Perry be released from custody, upon giving bail.   The commissioner fixed the bail at $500, and the defendants then voluntarily entered into, signed and duly acknowledged the recognizance set forth in the following opinion, which was accepted and approved by the commissioner, and Perry was discharged from custody.

By inadvertence the commissioner failed to sign. the formal certificate of the acknowledgment, but the recognizance was in fact acknowledged before him by all the defendants at the time they signed it.   For some unexplained reason the recognizance was not filed in the court until December 9, 1880, the third day of the next general term, but was filed on that day in the clerk's office, where it has ever since been of record.   At that term of the court, Perry was duly indicted for the offence and upon the charge stated in the recognizance, and on December 10, 1880, was called to answer the indictment, but failed to appear; and thereupon the other defendants, his sureties on the recognizance, were duly called to produce Perry in court, but neither of them appeared, and the default of all the defendants was duly recorded and the recognizance duly declared forfeited.

The court also found specifically the facts showing that, at the time of his application for admission to bail, Perry had been duly committed and was legally detained in custody, on the charge above mentioned.   Judgment was ordered for the plaintiff for the sum of $500, with interest from December 10, 1880; a new trial was refused and the sureties (Robert J. Perry and P. H. Perry) appealed.   The appellants' objections to the findings are stated in the opinion.

*Jones & Gove*, for appellants.

*Wm. J. Hahn*, Attorney General, and *H. A. Eckholdt*, for the State.

BERRY, J.   This is an action upon a recognizance, alleged to have been entered into by defendants, as principal and sureties, to secure the appearance at the district court of the principal, who, on examination before a justice of the peace upon a charge of larceny from a shop, had been committed for want of bail.

1. The recognizance is alleged to have been entered into before a court commissioner.  By Gen. St. 1878, c. 8, § 225; c. 106, § 32, a

court commissioner is authorized to admit persons held for crime to bail, and to take recognizances accordingly. Upon an application of the person desirous of giving bail, the magistrate applied to is to issue an order directing the sheriff to bring him up. The object of these provisions is to point out a way in which the prisoner can be got before the magistrate, for the purpose of giving bail. The accomplishment of this purpose is the important thing. The method of its accomplishment is of very little consequence. The magistrate having general jurisdiction to admit to bail, if the officer in charge brings before him a prisoner, who is then permitted to make his application to be admitted to bail, all the substantial purposes of the statutory provisions as to the mode of bringing him up are accomplished; and, so far as those provisions are concerned, any recognizance which the prisoner may enter into, upon being thus brought up, is well taken. So far as the prisoner is concerned, his application is a waiver of any informality in the prior proceedings. This disposes of the defendants' objections to the papers upon which the prisoner was brought before the court commissioner in this instance.

2. The alleged recognizance was not filed with the clerk of the proper district court on or before the first day of the term, as prescribed by statute. Gen. St. 1878, c. 106, § 25. Statutory provisions of this kind are directory, as respects time. The general rule, as laid down by *Marcy*, J., in *People* v. *Allen*, 6 Wend. 486, is that "where a statute specifies a time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed, or the language used by the legislature, show that the designation of time was intended as a limitation of the power of the officer." Sedg. St. & Const. Law, 320 *et seq.; Pond* v. *Negus*, 3 Mass. 230; *Vogle* v. *Grace*, 5 Minn. 232 (294.) The recognizance in this case is found by the trial court to have been filed with the clerk before the defendant prisoner was called upon to answer the indictment found against him, and before his co-defendants and sureties were defaulted, and a forfeiture declared. This was sufficient. The recognizance was of record in the court at the time when the parties who

had entered into it were called upon to perform its condition. This fact gave the court jurisdiction under it to declare it forfeited.

The finding of the court, as to the time of the filing of the recognizance, is supported by the evidence and pleadings. It was offered to be proved that it, and all the papers relating to it, were filed in the clerk's office on December 9, 1880, which was admitted to be the third day of the term. By agreement of parties, the offer was considered as evidence, subject to an objection to competency, (upon grounds particularly specified,) which had been interposed by defendants. It will be seen at a glance that the objection, as thus narrowed by the specification of the grounds upon which it is made, does not reach the offer of evidence as respects the subject of the filing of the recognizance. The evidence in this respect was therefore unobjected to, and sufficient. The complaint alleges "that at the next general term of the said district court thereafter, (*i. e.*, after the filing of the recognizance,) the said Benjamin F. Perry was duly indicted on the charge and for the offence mentioned in said recognizance." This is not denied, and therefore it stands admitted that the recognizance was filed before the indictment was found. The finding that the prisoner was discharged was fairly to be inferred from the fact that he was not in custody when called to answer the indictment, or from the fact that, having entered into a recognizance satisfactory to and approved by the court commissioner, it would be the duty of the commissioner to have discharged him,—a duty which, as a public officer, it is presumed that he performed.

This brings us to the most difficult question in the case. The recognizance begins as follows:

"*State of Minnesota, County of Olmsted—ss.:* We, Benjamin F. Perry, as principal, and Robert J. Perry and P. H. Perry, as sureties,  *  *  * acknowledge ourselves to owe and be indebted unto the state of Minnesota in the sum of $500, to be levied of our several goods and chattels, lands and tenements, to the use of the said state, if default be made in the condition following, to wit." (Here follow recitals of the examination of the principal, of his being brought before the court commissioner to be admitted to bail, of an order of such officer that he be admitted to bail, upon giving recognizance in the sum of $500,

conditioned for his appearance at the next term of the district court for Olmsted county to answer to an indictment to be preferred against him, etc. And the recognizance then concludes with a condition for the appearance of said principal before said term of the district court, to answer to an indictment, etc., and with an *in testimonium* clause, as follows:)

"In witness of which said acknowledgment of indebtedness, we have hereunto set our hands this 23d day of November, A. D. 1880.

"B. F. Perry,

"R. J. Perry,

"P. H. Perry."

Then follows a form of acknowledgment, filled up with the names of the recognizors, but not signed by the court commissioner, although a blank space is left for the insertion of his name over his official title. Then follows a justification of the sureties, sworn to before the court commissioner, as appears by the jurat, over his name and seal, dated November 23, 1880. Then comes the following indorsement upon the recognizance:

"I hereby approve the within recognizance and the sureties thereon.

"*Dated November 23, A. D. 1880.*

{ Official }               "O. O. Baldwin,
{  Seal. }                 "Court Commissioner."

In our opinion the recognizance appears upon its face, and by the justification and approval, to have been sufficiently acknowledged. It is not at all necessary that a recognizance should be a written instrument formally signed by the recognizors. It is enough— indeed, it is technically the proper practice—for the magistrate to repeat to the proposed recognizors a form of words to the effect that they acknowledge themselves to be indebted to the state in a sum named, the condition being that the prisoner shall appear at a time and place named to answer an indictment, etc. What has become a more common practice, where persons are admitted to bail out of court, is that, as in this instance, the recognizors sign and deliver to the magistrate a written instrument, in which they acknowledge themselves indebted to the state in the named sum, with a condition

as above. There can be no essential or important difference between the effects of these two modes of entering into a recognizance. In either case the recognizance is *acknowledged* before the magistrate. The form of words by which a deed is acknowledged may as well be repeated by the acknowledging party as by the acknowledging officer. The form of oath may as effectually be repeated by the party who takes it as by the administering officer. These propositions will not be disputed, and they are in analogy in this case.

The recognizance shows by its recitals that the prisoner was brought before the court commissioner, for the purpose of being admitted to bail; that thereupon it was ordered by the commissioner that he be admitted to bail by giving a recognizance in the sum of $500, with two sureties, conditioned, etc.; that thereupon, and in accordance with such order, he and his sureties acknowledge themselves to be indebted to the state, etc., upon the conditions directed. The instrument is signed by the recognizors, and presented to the commissioner, who takes the justification of the sureties, and approves the recognizance and sureties, by an indorsement upon the instrument over his official signature and seal. The presenting of this instrument, containing this acknowledgment of indebtedness, to the commissioner is an express acknowledgment, and, as the whole matter of entering into and consummating the recognizance was a single transaction, begun and finished at one and the same time, the indorsed approval places the fact that the instrument was then and there presented to the commissioner beyond any reasonable doubt. In our opinion the recognizance is entirely sufficient. See *Van Antwerp* v. *Newman*, 4 Cowen, 82.

It is objected, however, that it was not certified as required by Gen. St. 1878, c. 106, § 25. There is no formal certificate of the court commissioner to the effect that this recognizance was taken by him; but the recognizance, with the justification of sureties and the approval indorsed upon it, officially signed and sealed by the commissioner, is returned by him to the clerk. The plain purpose of the certificate required is to show to the district court that the document returned is a recognizance taken by the returning magistrate. So long as this purpose is accomplished, the form of the certificate cannot be important. When the recognizance is verbal, of course the magistrate

must put his doings in writing over his signature. In no other way can he certify the recognizance. But in the case at bar the instrument signed by the recognizors, with the justification of the sureties and the approval, shows for itself that it is a duly-acknowledged recognizance, and for what it was taken. The approval, signed and sealed by the commissioner, operates, in connection with the instrument and justification, as a certificate. Though not one in form, it answers every important practical purpose of a certificate, and is therefore sufficient.

We think that this disposes of the material questions in the case, and the result is that the order denying a new trial is affirmed.