[Civil No. 952.   Filed March 30, 1906.]

[85 Pac. 1063.]

COLBY N. THOMAS et al., Defendants and Appellants, v. TERRITORY OF ARIZONA, Plaintiff and Appellee.

1. BAIL-BOND—ACTION ON COMPLAINT—SUFFICIENCY—REV. STATS. ARIZ. 1901, PAR. 1282, CITED.—A justice of the peace in holding a person to answer before a grand jury acts as a committing magistrate, and as such officer has general jurisdiction; therefore a complaint in action on a bail-bond was sufficient without alleging the jurisdiction of the justice, or that the order holding the defendant to answer was duly made, as provided by paragraph 1282, *supra.* "In pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. . . ."

2. SAME — SAME — VALIDITY — WHERE SIGNED BY SURETIES WITHOUT PRINCIPAL—REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 1074, 1076, 1077, 1084, CONSTRUED.—Where a defendant has been held to answer after examination by a justice of the peace, a bond conditioned that he will appear and answer the charge is valid without the signature of the principal under sections 1074, 1076, 1077, 1084 *supra,* providing that when a defendant gives bail for his appearance before the magistrate upon the examination of the charge and when he gives bail after the indictment that the bail-bond shall be signed by the defendant, there being no similar provision for the form of the bail-bond when it is given for the defendant to appear in the court above upon being held to answer after examination.

3. SAME—SAME—JUDGMENT—FORM.—A judgment in an action on a bail-bond that plaintiff recover of each defendant the amount for which he was obligated, the total being in excess of the amount of the bond, was improper and should have provided that the plaintiff have and recover judgment against the defendants in the amount specified in the bond, and that of such sum the plaintiff have and recover of each individual defendant the amount for which he is obligated, and that payment of such sum by any or all of the defendants should operate as a satisfaction of the judgment.

4. APPEAL—BOND—SUFFICIENCY—REV. STATS. ARIZ. 1901, PAR. 1506, CONSTRUED.—Under paragraph 1506, *supra,* requiring that the bond shall be given "in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk" it is not the duty of the clerk to make an order fixing the amount of the bond, but merely to fix the amount, and an approval of the bond constitutes a fixing of the amount within the meaning of the statute.

5. SAME—RECORD—COMPLETION—UNDER RULE 6 OF THE SUPREME COURT, 8 ARIZ. x, 71 PAC. viii.—Where the transcript on appeal does not contain a copy of the order of the adjournment of the term so that it can be determined whether the appeal-bond was filed within the proper time, a certificate of the clerk showing the date of adjournment, cures the defect, under rule 6, *supra,* providing that "For the purpose of correcting any error or defect in the transcript, either party may suggest the same in writing, and upon good cause being shown, obtain an order that the proper clerk certify to this court the whole or any part of the record required, or he may produce the same duly certified, without such order."

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz.

F. M. Doan, Judge. Remanded with directions to modify judgment, and, as so modified, affirmed.

Notice of appeal to the United States supreme court.

The necessary facts are stated in the opinion.

Frank J. Duffy, and A. Orfila (Geo. R. Davis, and J. H. Langston, of counsel), for Appellants.

The complaint is fatally defective in that jurisdictional facts are not pleaded. Paragraph 1282 of the Revised Statutes of Arizona of 1901 prescribed how a judgment or other determination of a court should be pleaded. In this respect it is the same as California, Montana, and other states. The complaint does not show that the court had jurisdiction to make the order holding Swain to answer, nor that the order was duly given and made, and fails to state that the amount due by the terms of the bond had not been paid. *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044, under a statute like ours. The bond should have been given under section 1077, requir-

ing the bond to be signed by' the principal himself as well as the sureties.

A bond or recognizance cannot be taken unless authorized by law, and when authorized it must be taken in the manner and form prescribed by law. If unauthorized, or illegally taken, or if it is not in proper form, it is void and of no effect. *Price* v. *State*, 12 Tex. App. 235; *People* v. *Hartley*, 21 Cal. 585, 82 Am. Dec. 758; *City and County of Sacramento* v. *Dunlap*, 14 Cal. 421, and cases cited; *Bean* v. *Parker*, 17 Mass. 591; *Pima County* v. *Snyder*, 5 Ariz. 45, 44 Pac. 298; *Snyder* v. *Pima County*, 6 Ariz. 41, 53 Pac. 6.

E. S. Clark, Attorney-General, for Appellee.

Under our statutes, bail in a criminal case is a mere undertaking, a recognizance executed by the sureties. The accused need not sign it. *People* v. *Love*, 19 Cal. 677.

KENT, C. J.—This was an action brought by the territory against one L. F. Swain and certain other defendants who are appellants in this court. The complaint alleged "that on the thirty-first day of January, 1904, the defendant L. F. Swain having been committed by S. Ashley, justice of the peace of precinct No. 1, Santa Cruz County, Arizona, to await the action of the grand jury of said county and territory, upon two charges of felony,—to wit, embezzlement,—and being then under arrest and confined in the county jail at Nogales, Santa Cruz County, Arizona, in the custody of Thomas J. Turner, sheriff of said county," the defendant Swain, to secure his release from jail on said charges, gave his bail-bond in the sum of nine thousand dollars, with the appellants as sureties, conditioned that he would appear and answer the charges; that thereafter Swain was indicted by the grand jury, and, being called for arraignment in the district court, failed to appear, and that an order declaring the said bail-bond forfeited was duly entered; and alleged that thereby the bond became forfeited, and prayed judgment for the amount thereof. Separate general demurrers were introduced on behalf of the defendant Swain, and on behalf of the appellants herein. The demurrer was sustained as to the defendant Swain, but the demurrers of the appellants were overruled, and the answers of the appellants not being under oath, judg-

ment was entered against the appellants in the court below.
From the order overruling the demurrers, and from the judg-
ment and the denial of a motion for a new trial the appellants
have appealed.

It is urged that the complaint does not state a cause of
action against these defendants, in that facts showing the
jurisdiction of the justice to make the order holding the de-
fendant Swain to answer are not pleaded, nor is there any
allegation that the order so made was duly made. It is claimed
that the court of a justice of the peace is one of inferior or
special jurisdiction, and that no presumption arises as to the
jurisdiction or the regularity of its proceedings, and that
facts to show such jurisdiction must be pleaded, unless the
pleader pleads the conclusion that the judgment or order was
duly made as authorized by paragraph 1282 of the Revised
Statutes, which reads as follows: "In pleading a judg-
ment or other determination of a court or officer of special
jurisdiction it shall not be necessary to state the facts confer-
ring jurisdiction, but such judgment or determination may
be stated to have been duly given or made. If such allega-
tion be controverted, the party pleading shall be bound to
establish in the trial the facts conferring jurisdiction." We
do not need to determine whether when a judgment or other
determination of a court of a justice of the peace is one which
the general statutes show he has jurisdiction to make, as a
matter of public policy, the jurisdiction of such court and the
regularity of the proceedings before it should not be assumed,
in the absence of proof of defects therein; or, in other words,
whether there should properly be any distinction shown be-
tween a court of a justice of the peace, under such circum-
stances, and a higher court, as to the presumption that
attaches as to its jurisdiction. That question does not arise
here. The act of the justice of the peace was not a judgment
or determination of the justice's court sitting as a trial court,
but the act of the justice sitting as a committing magistrate,
whereby, as such magistrate, he held the defendant to answer
to the grand jury. As such, he has the same powers as a
justice of the supreme court or a district judge, who are like-
wise magistrates under our code, and as such he acts as an
officer having general and not special jurisdiction; and the pre-
sumption of law attaches that he had the jurisdiction to act

in such capacity, and that his action as such was regular. The
complaint was therefore sufficient. *Boynton* v. *State*, 77 Ala.
29; 1 Bishop's New Criminal Procedure, secs. 228-239.

It appears that the bond, a copy of which is set forth in
the complaint, was not executed by Swain, the principal, but
only by the appellants; and it is claimed that the trial court
erred in not sustaining the demurrer of the appellants and
dismissing the action, for the reason that in the absence of
such execution by the principal, the sureties are relieved of
any liability under the bond, and the complaint did not, there-
fore, state facts sufficient to constitute a cause of action as
against them. It is provided in chapter 1 of title 12 of the
Code of Criminal Procedure (sec. 1074) that if the offense be
bailable the defendant may be admitted to bail before convic-
tion: 1. For his appearance before the magistrate on the
examination of the charge, before being held to answer, or on
the trial upon a charge of misdemeanor; 2. To appear at the
court to which the magistrate is required to return the depo-
sitions and statement, upon the defendant being held to an-
swer after examination; 3. After indictment, etc. Chapter 2
of the same title, which is entitled, "Bail before examination
or trial, and upon being held to answer before indictment,"
provides, in section 1076, that when the defendant has been
held to answer upon an examination for a public offense, the
admission to bail may be by the magistrate by whom he is so
held. Section 1077 provides that bail for the appearance of
the defendant before the magistrate upon the examination
of the charge, or on the trial of a charge of misdemeanor,
shall be put in by a written undertaking, executed by the de-
fendant, and not less than two sufficient sureties, and acknowl-
edged before the magistrate in substantially the form set forth
in such section. Chapter 3 of the same title, providing for
the giving of "bail upon indictment before conviction," pro-
vides, in section 1084, that the bail must be put in by a written
undertaking executed by two sufficient sureties (with the
defendant), and acknowledged before the court or magistrate,
in substantially the form set forth in the section. It will be
perceived that the code is specific in its requirements with
respect to the form of the undertaking admitting the defend-
ant to bail in two of the three instances when the defendant
may be admitted to such bail before conviction,—to wit, when

he gives bail for his appearance before the magistrate upon the examination of the charge, and when he gives bail after indictment. In each of these cases, the code requires that the bail-bond must be signed and executed by the defendant. There is no such similar provision, however, for the form of the bail-bond when it is given for the defendant to appear in the court above, upon being held to answer after examination, and no requirement that a bond so given shall be executed by the defendant. Section 1070 of the code provides: "The taking of bail consists in the acceptance by a competent court or magistrate, of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the territory of Arizona, a specified sum."

We think where a defendant has been held to answer after examination, a bond conditioned that he will appear and answer the charge, under our practice, may be given by the bondsmen, without such defendant as principal joining therein. The bond in this case was as follows: "In the justice court in and for precinct number one, county of Santa Cruz, territory of Arizona. An order having been made on the 31st day of January, A. D. 1904, by S. Ashley, justice of the peace of Santa Cruz County, that L. F. Swain be held to answer on a charge of embezzlement, upon which he has been admitted to bail in the sum of nine thousand dollars, we, Colby N. Thomas by occupation mining engineer in the amount of $7,000.00, and C. R. Brown by occupation mine manager in the amount of $7,000.00, and N. K. Noon by occupation physician in the amount of $2,000.00, and Henry Levin by occupation broker in the amount of $2,000.00, householders within the territory of Arizona, hereby undertake that the above-named L. F. Swain will appear and answer to the charge above mentioned in whatever court he may be prosecuted, and will at all times hold himself amenable to the orders and processes of the court; and, if convicted, will appear for judgment, and render himself in execution thereof, or, if he fail to perform either of these conditions, that we will pay to the territory of Arizona the sum of nine thousand dollars as herein specified. Witness our hands and seals this 24th day of June, A. D. 1904. COLBY N. THOMAS, [Seal.] C. R. BROWN, [Seal.] N. K. NOON, M. D., [Seal.] HENRY LEVIN, [Seal.]" The

obligors duly justified, and the bond was approved by the justice of the peace and duly filed. It will be observed that by the terms of the bond, Swain did not purport to be a party thereto, and we think as the justice had jurisdiction to hold the defendant to answer, that the obligors on the bond were liable upon a breach of the condition.

It is further contended by the appellants that the judgment entered was erroneous, in that it is in double the amount for which the obligors became liable. The judgment provides as follows: "Wherefore it is ordered, adjudged, and decreed that the plaintiff, territory of Arizona, do have and recover judgment against the defendant Colby N. Thomas for the sum of seven thousand dollars ($7,000.00); against the defendant C. R. Brown for the sum of seven thousand dollars ($7,000.00); against the defendant N. K. Noon, M. D. for the sum of two thousand dollars ($2,000.00), and against the defendant Henry Levin for the sum of two thousand dollars ($2,000.00), and against all of said defendants for the sum of forty-one 15-100 dollars ($41.15) plaintiff's costs and disbursements herein expended, and for all of which sums let execution issue." We think such judgment is improper in form. It should have provided that the plaintiff have and recover judgment against the defendants in the amount specified in the bond,—to wit, the sum of nine thousand dollars,—and that of such sum the plaintiff have and recover of each individual defendant the amount for which he is obligated in the bond; and that the plaintiff have and recover of the defendants the amount of its costs; payment of said sum of nine thousand dollars and costs, by any or all of the defendants, to operate as a satisfaction of the judgment. Counsel for the appellee contends that upon the incomplete record presented to us in this case, we may not consider the questions urged by the appellants. The record presented to us is defective and fails to comply in many respects with the statutory provisions or the rules of court. The objections, however, to the sufficiency of the complaint, and the action of the trial court in overruling the demurrers of the defendants, and as to the form of the judgment, appear on the face of the record, and we may properly consider them.

It is further urged that the appeal-bond is so defective as not to confer jurisdiction upon this court. It is claimed that

inasmuch as the statute requires that the bond shall be given "in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk," the clerk should make an order fixing the amount of such costs; and that, as no such order has been made, the bond is invalid. This objection is not well taken. It is not the duty of the clerk to make or enter an order in the premises. It is his duty to fix the amount of the bond. When, as in this instance, it appears that the clerk has duly approved the bond, by his indorsement thereon to that effect, such approval covers the form of the bond, the amount thereof, and the sufficiency of the sureties. To approve the amount of the bond, is to fix the amount within the meaning of the statute.

It is further objected that the record does not show that an appeal-bond was filed within twenty days after the date of the adjournment of the trial court for the term, as required by law. The transcript should contain a copy of the order of the adjournment of the term, in order that it may appear whether the appeal-bond was filed in time to perfect the appeal. The record is silent in this respect. Rule 6 of the rules adopted by us (71 Pac. viii) provides: "For the purpose of correcting any error or defect in the transcript, either party may suggest the same in writing, and upon good cause being shown, obtain an order that the proper clerk certify to this court the whole or any part of the record required, or he may produce the same duly certified, without such order." Taking advantage of the permission accorded by this rule, the appellants have provided a certificate of the clerk, showing the date of the adjournment of the term, and that the bond in question was filed within the time allowed. The defect having been thus cured, we may disregard it.

We find no error in the record which requires a reversal of the judgment. As we have pointed out, the form of the judgment, however, is improper, and it should be modified in accordance with the views we have expressed. The cause is remanded to the district court, with instructions to modify the judgment in accordance with this opinion; and as so modified, the judgment is affirmed.

SLOAN, J., CAMPBELL, J., and NAVE, J., concur.