(122 App. Div. 569.)

### PEOPLE v. DAVIS.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. PERJURY—MATERIALITY OF FALSE STATEMENT.

Code Cr. Proc. § 569, relating to the qualifications of bail, provides that a surety must be a resident and a householder or freeholder, worth the amount specified in the undertaking, exclusive of exempt property. Section 572 requires the sureties to justify in all cases by affidavit taken before the magistrate. Section 573 permits the district attorney or magistrate to further examine sureties upon oath concerning their sufficiency in such manner as the magistrate may deem proper. Section 575 provides

that, when the examination is closed, the magistrate must make an order either allowing or disallowing bail, etc. A proposed surety on a bail bond appeared before a magistrate and answered questions as to his qualifications, and signed the bail bond and affidavit of qualification, in which he swore that he was a resident freeholder and was worth $1,000 over and above his just debts and liabilities; that his property consisted of a certain described house and lot of land worth a certain sum; and that the title was recorded in his name at the office of the register of the county. His statements as to the ownership of the property were false, and were known by him to be false. *Held,* that the false statements constituted perjury, since the sufficiency of the surety on a bail bond is the subject of judicial inquiry, and the statements made in the affidavit of the proposed surety were material to such issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, §§ 38–54.]

2. SAME—SUFFICIENCY OF EVIDENCE.

In a prosecution for perjury in swearing falsely to an affidavit of justification as a surety on a bail bond, evidence *held* to sustain a conviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, §§ 117–124.]

Appeal from Court of general sessions.

James H. Davis was convicted of perjury, and appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wilford H. Smith, for appellant.

Wm. Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for respondent.

CLARKE, J. On December 28, 1906, Hon. Robert C. Cornell, one of the city magistrates of the city of New York, was sitting in the First District Magistrate's Court, and there was pending before him a complaint or information charging one Lavelle with the crime of assault. The magistrate after an examination made an order holding Lavelle for trial, and fixed the amount of bail. Thereafter the appellant, Davis, appeared before the magistrate, who questioned him concerning his property. He described his property, and said it was of record in his name. A bail bond and affidavit of justification was then prepared. Davis signed the undertaking and the affidavit. The magistrate duly administered the oath to Davis, and upon the statements contained in the affidavit he accepted him as surety. Lavelle and Davis, as surety, executed the undertaking, and acknowledged the execution thereof before the magistrate, and the prisoner was discharged from custody. In the affidavit Davis swore that he was a resident and freeholder within the county and state of New York, and was worth the sum of $1,000 over and above all his just debts and liabilities, and that his property consisted of a house and lot of land on the south side of 122d street, 200 feet west of Amsterdam avenue, worth $90,000, subject only to a mortgage of $45,000, and that the title thereto was of record in his name in the office of the register of the county of New York. Davis was indicted for perjury for feloniously, knowingly, willfully, corruptly and falsely swearing to the truth of said statement. Upon the trial, it was conclusively shown that the statement as to the ownership of the property stated in the affidavit was false and known

to be false, and Davis was found guilty as charged. From the judgment entered thereon, this appeal is taken.

The appellant urges that the indictment is fatally defective, in failing to charge that the alleged false statements were made in a material matter, and in failing to state sufficient facts showing that such statements were made in a material matter. The indictment sets forth fully the substance and nature of the proceedings before the magistrate and the defendant offering himself as surety. It sets forth fully the facts showing the subject of inquiry depending before the magistrate, namely, whether he would accept the defendant as surety upon the undertaking therein described, and alleges that it was "then and there necessary that the said Robert C. Cornell, such magistrate as aforesaid, should know the circumstances of the property of the said James H. Davis in order that he might determine whether he would or should take, accept, and approve the said James H. Davis as such bail and surety upon the undertaking aforesaid." It is true that, to constitute the crime of perjury, the false statements must have been material to the issue or inquiry. The question here was whether the magistrate would accept Davis as surety, and to that end it was clearly material that he should know the circumstances of his property. Section 569 of the Code of Criminal Procedure provides that:

"The qualifications of bail are as follows: (1) He must be a resident and a householder or freeholder within the State, and unless the magistrate otherwise directs, within the county; (2) he must be worth the amount specified in the undertaking, exclusive of property exempt from execution. * * * *"

Section 572, Id., provides that:

"The surety or sureties must in all cases justify by affidavit taken before the magistrate. * * *"

Section 573:

"The district attorney or the magistrate may therefore further examine the sureties upon oath concerning their sufficiency in such manner as the magistrate may deem proper. The questions put to the sureties and their answers must be reduced to writing, and must be substantiated by them."

Section 575:

"When the examination is closed, the magistrate must make an order either allowing or disallowing bail, and must forthwith cause the same with the affidavits of justification and the undertaking of bail to be filed with the clerk of the court to which the depositions and statement must be sent as prescribed in section 221."

It is clear from reading these sections together that the sufficiency of the surety is the subject of judicial inquiry, and that whether or no the prisoner will be admitted to bail upon the undertaking by the proposed surety depends upon the judicial determination that said surety has sufficient property to respond to the obligation in case there is a breach. Therefore what the surety produces by way of evidence, whether in his original affidavit or upon further justification upon question and answer, to establish his sufficiency is material to that issue. If the original affidavit sufficiently discloses the possession of property to satisfy the magistrate that the bail is good, there is no need for question and answer. In the case at bar the magistrate

did first question the proposed surety, and then the result of said inquiry was put in the form of an affidavit sworn to by the appellant.

If the statements as to the ownership of the specified property by Davis was not material, then there can never be any warrant for examination as to specific property. The bare statement that the surety is worth a certain sum would close the inquiry, and the provisions for justification are idle. Such holding would open wide a door for straw bail. "If the matter falsely sworn to is circumstantially material, or tends to support and give credit to the witness in respect to the main fact, it is perjury." Wood v. People, 59 N. Y. 123. Here the main fact was the sufficiency of the surety. The matter falsely sworn to tended to support and give credit in respect to that main fact, and so was perjury.

We have examined the record, and have found no errors committed to the prejudice of the defendant, and conclude that the evidence sustains the verdict.

Therefore the judgment should be affirmed. All concur.