[Civil No. 1380.    Filed June 23, 1914.]

[141 Pac. 575.]

## ED. ELRAGE, GEORGE SMITH and MOSBY WILKERSON, Appellants, v. COUNTY OF GREENLEE, a Corporation, Appellee.

1. BAIL—ACTION—PARTY PLAINTIFF—COUNTY.—Under Penal Code of 1913, section 1430, providing that the amount of a forfeited bail bond shall be paid into the county treasury, and section 1215, authorizing the county attorney to bring an action upon such bond, the county is the real party in interest, in an action to recover the amount of the forfeited bail bond, and the action is properly brought in its name.

2. BAIL—ACTION—COMPLAINT—SUFFICIENCY.—A complaint, in an action upon a forfeited bail bond given to secure the appearance of one bound over to the district court by a magistrate, need not allege facts showing the jurisdiction of the magistrate to bind over the principal.

3. BAIL—VALIDITY OF BOND—ABSENCE OF PRINCIPAL'S SIGNATURE.—A bail undertaking given by a person held to answer for a public offense after preliminary examination, before the enactment of Penal Code of 1913, section 1195, requiring such undertaking to be signed by the principal, is valid, although not signed by the principal.

4. BAIL—VALIDITY OF BOND—OMISSION OF PRINCIPAL'S NAME IN RECITAL.—Where the name of a defendant was left blank in a preliminary recital of an undertaking given upon preliminary examination, but the undertaking recited that the named individual would appear and answer, the undertaking is not invalid for uncertainty.

APPEAL from a judgment of the Superior Court of the County of Greenlee.   F. B. Laine, Judge.   Affirmed.

The facts are stated in the opinion.

Mr. L. Kearney, for Appellants.

Mr. E. V. Horton and Mr. Dave Ling, for Appellee.

FRANKLIN, C. J.—On the preliminary examination of one William Blake, charged with a public offense, a justice of the peace of one of the precincts in Greenlee county, sitting as a

committing magistrate, held the said Blake to answer the charge of grand larceny. The magistrate by whom the said Blake was so held admitted him to bail in the sum of $500. On the 31st day of July, 1912, Ed. Elrage, George Smith and Mosby Wilkerson, the appellants here, entered into a written undertaking as sureties for the appearance of the said Blake to answer the charge. The sureties duly justified, and the undertaking was approved by the magistrate. Blake was thereupon discharged from custody, and subsequently, having been indicted by the grand jury in Greenlee county for the said crime of grand larceny, was called to answer the indict-ment in the superior court for Greenlee county, and, failing to appear, the undertaking was declared forfeited. The for-feiture not having been discharged, the county attorney of Greenlee county brought this action in the name of the county against the bail upon their recognizance. From a judgment in favor of the county, and from an order overruling a motion for a new trial, the case is brought to this court for review.

It is urged that the action should have been brought in the name of the state of Arizona. The disposition of fines and forfeitures is directed by the law, and the amount to be recov-ered in this action must be paid into the county treasury of Greenlee county. Section 1430, Ariz. Pen. Code 1913. The county attorney is authorized to bring the action. Section 1215, Ariz. Pen. Code 1913. The county being the real party in interest, the action is properly brought in the name of the county. *People* v. *De Pelanconi,* 63 Cal. 409 ; *Malheur County* v. *Carter,* 52 Or. 619, 98 Pac. 489.

It is said that the complaint is objectionable because the facts showing the jurisdiction of the magistrate to make the order holding the said Blake to answer are not pleaded. That the undertaking is also insufficient for the reason that it was not executed by the person held to answer, to wit, the said Blake. There is no merit in either contention. *Thomas* v. *Territory,* 10 Ariz. 180, 85 Pac. 1063. While the sufficiency of this undertaking is to be tested by the laws in force at the date of its execution, and under those laws the person held to answer after a preliminary examination was not required to join as principal in the undertaking to appear and answer, the Penal Code of Arizona 1913 makes provision that such person shall join as principal in the execution of such under-

taking. Section 1195, Ariz. Pen. Code 1913. Of course undertakings executed after the present Penal Code went into effect will be governed by its requirements, and magistrates must act accordingly.

By a clerical misprision the name of the defendant Blake was left blank in a preliminary recital of the undertaking. But these appellants in the written undertaking do recite that the above-named William Blake will appear and answer, etc. In this respect there is no uncertainty, and, if Blake's name had been inserted in the blank, it would not have made the conditions of the undertaking more definite.

There is no reversible error, and the judgment and order stand affirmed.

CUNNINGHAM and ROSS, JJ., concur.

NOTE.—As to the effect of the delivery of a bail bond unsigned by principal obligor, see note in 12 L. R. A. (N. S.) 1118.