### PEOPLE *v.* ALMASHY.

1. CRIMINAL LAW — CHANGE OF VENUE — ABUSE OF DISCRETION — PERJURY.

In a prosecution for perjury, charged to have been committed by defendant in swearing to false statements in an affidavit filed in connection with his qualifying as surety on a recognizance in the recorder's court of Detroit, there was no abuse of discretion in denying defendant's motion for a change of venue on the ground that judges of the recorder's court, whose names were indorsed on the information, would be called as witnesses by the people, and that undue weight might be given to their testimony by the jury, where it appears that the judges called testified only as to formal matters, none of which was denied by defendant.[1]

[1]Criminal Law, 16 C. J. § 308.

2. Perjury—Oath and Facts Sworn to Must be Material.
    Both the oath and the facts sworn to must be material
    in order to justify conviction of perjury.[2]

3. Same—Affidavit Justifying as Surety on Recognizance and
    Statements Therein Material.
    Since a judge of the recorder's court, in order to de-
    termine the responsibility of defendant as surety on a
    recognizance, could only do so safely by requiring a sworn
    statement of his financial responsibility, both the affidavit
    and the statements therein contained are material, and
    wilful misstatements that there were no unsatisfied judg-
    ments or executions against him, and that he was on no
    other recognizance are sufficient to sustain a conviction
    of perjury.[3]

4. Bail—Recognizance Not Void Because Not Filed Immediately.
    Failure of the officer to immediately file a recognizance
    with the clerk of the court, as required by 3 Comp. Laws
    1915, § 15689, does not render it void; said statute being
    directory merely.[4]

5. Same—Principal and Surety on Recognizance Bound Sep-
    arately.
    Since a recognizance is a common-law obligation, and
    sureties thereon may be bound separately from the prin-
    cipal, the fact that the principal did not sign the recog-
    nizance in question, which is in form a several obligation,
    in the presence of the magistrate, did not render it void.[5]

6. Perjury—Criminal Law—Evidence—Admissibility.
    Where defendant was familiar with the form of recog-
    nizance and the justification thereon used in the recorder's
    court of the city of Detroit, in compliance with 3 Comp.
    Laws 1915, § 14647, requiring same to be in the usual form,
    there was no error in rejecting a blank form of recogni-
    zance used in justices' courts in said city, offered in evi-
    dence by defendant's counsel.[6]

7. Same—Trial—Instructions.
    Where defendant made no claim that, in signing the
    recognizance as surety, he sought or acted upon the advice
    of counsel, an instruction thereon would have been in-
    appropriate.[7]

[2]Perjury, 30 Cyc. pp. 1417, 1421; [3]Id., 30 Cyc. pp. 1420, 1421;
[4]Bail, 6 C. J. § 265; [5]Id., 6 C. J. § 256; [6]Perjury, 30 Cyc. p. 1443;
[7]Criminal Law, 16 C. J. § 2485.

Error to recorder's court of Detroit; Murphy (Frank), J.   Submitted October 16, 1924.   (Docket No. 179.)   Decided December 10, 1924.

George Almashy was convicted of perjury, and sentenced to imprisonment for not less than 18 months nor more than 15 years in the State prison at Jackson.   Affirmed.

*Allen W. Kent,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J.   Defendant, for a consideration, became surety on the recognizance of one Greenspon charged with violating the State prohibition law for his appearance for examination in the recorder's court of the city of Detroit.   Court had adjourned for the day and defendant and the attorney employed to represent Greenspon met near and went to the residence of Judge Marsh, then one of the judges of the recorder's court, where the recognizance was signed by defendant.   He also signed and swore to an affidavit stating that there were no unsatisfied judgments or executions against him, and that he was on no other recognizance.   He was familiar with the form of recognizance and the justification thereon used in the recorder's court and had himself made them out.   As matter of fact there were unsatisfied judgments against him of over $1,400 and he was surety on several other recognizances in the same court aggregating many thousands of dollars.   After defendant had signed the recognizance and signed and sworn to the affidavit, the recognizance was given to the attorney who took it to the jail where Greenspon signed it and was released, the recognizance was given to the deputy sheriff who some days later turned it

over to a deputy clerk of the recorder's court. Defendant was informed against for perjury, convicted, sentenced, let to bail and brings this writ of. error.

1. Defendant moved for a change of venue based largely on the claim that, because some of the judges of the recorder's court whose names were indorsed as witnesses on the information would be called by the people, undue weight might be given by the jury sitting in that court to their testimony. The motion was overruled. We do not think the trial judge abused his discretion. *Greeley* v. *Stilson*, 27 Mich. 153; *People* v. *Swift*, 172 Mich. 473. Outside of Judge Marsh, who was not a judge of the recorder's court at the time of the trial, the judges called only testified to formal matters, none of which were denied by the defendant in his testimony.

2. It is fundamental that both the oath and the facts sworn to must be material in order to justify conviction of perjury. In the instant case they were both material. The question submitted to Judge Marsh was the sufficiency of the surety. Laying aside the question mooted in some courts that the custody of the defendant is committed to the surety and he becomes the jailer, and the court should take account of his character and the probability that he will see that defendant appears, a question not here for consideration, it is still patent that Judge Marsh acting as magistrate out of court had to determine the financial responsibility of the defendant. This he could only do safely by a showing under oath, and that responsibility depended in no small degree upon what obligations defendant had outstanding. That was as material to the inquiry as what property he owned. One might own considerable property but if his obligations contingent and fixed largely exceeded its value, he would not make a very satisfactory surety. The facts in the instant case are very dissimilar from those in *Pollard* v. *People*, 69 Ill. 148. In *Common-*

*wealth* v. *Butland,* 119 Mass. 317, it was held that the examining magistrate had inherently the power independent of statute to require a written statement under oath by the proposed surety and it was there said:

"The issue before the commissioner was the sufficiency of the defendant as bail. The matter to be determined was whether he was worth enough to justify his approval as a surety. His statements as to the value of his property were material to this issue, and if they were wilfully and corruptly false, he would be liable to conviction for perjury."

3. We do not agree with defendant's counsel that the failure to forthwith file the recognizance with the clerk of the recorder's court rendered the recognizance invalid. Counsel calls attention to section 15689, 3 Comp. Laws 1915, which directs the filing of examinations and recognizances with the clerk forthwith. But it also provides that upon failure so to do a rule may be entered requiring that it be done. It would be quite an idle ceremony to enter such a rule if the recognizance had become nugatory by the neglect of the magistrate. The statute is directory (6 C. J. p. 1014), and the failure of the officer to follow it does not render the recognizance void. *State* v. *Perry,* 28 Minn. 455 (10 N. W. 778); *State* v. *Davis,* 43 N. H. 600; *Havis* v. *State,* 62 Ark. 500 (37 S. W. 957); *Jennings* v. *State,* 13 Kan. 80; *Heiman* v. *State,* 70 Tex. Cr. Rep. 480 (158 S. W. 276).

4. It is next insisted that because the defendant Greenspon did not sign the recognizance in the presence of the magistrate it was void and, there being no valid bond, no prosecution for perjury can be here maintained. If the bond was a valid one without the signature of Greenspon, it is obvious that it was not void because his signature was not made in the presence of the magistrate. In the early case of *People* v. *Dennis,* 4 Mich. 609 (69 Am. Dec. 338),

this court held that a recognizance was a common-law obligation and that the sureties may be bound separately from the principal. Unless this case has been overruled or should be overruled it is controlling here. The recognizance in the instant case is in form a several obligation. Defendant's counsel insists that later cases of this court are controlling and we should examine them to see if they are out of accord with the *Dennis Case.* In *Lang* v. *People,* 14 Mich. 439, the question before the court was the constitutionality of a statute permitting a summary judgment on criminal recognizances. The court was equally divided. In *Thomas Fowler's Case,* 49 Mich. 234, the validity of a statute permitting sentence to the Ionia reformatory of persons convicted of disorderly conduct was involved. The statute contained unworkable provisions for admitting to bail and required the defendant and each of his sureties to enter into a recognizance. Some of its provisions were so unworkable and entirely ineffective for the purpose designed that it was held invalid. *Clink* v. *Muskegon Circuit Judge,* 58 Mich. 242, did not involve a criminal recognizance. Although some other questions were decided, not important here, the real question before the court was the power of a notary public to take acknowledgments of recognizance of special bail. In *Clute* v. *Ionia Circuit Judge,* 131 Mich. 203, the recognizance was executed before the defendant was arrested and it was very properly held to have no validity. In *Hutchinson* v. *Board of Sup'rs of Ionia Co.,* 130 Mich. 62, the practice of having blank bonds signed by the surety kept on hand by the magistrate to be used as might be required received its much merited condemnation. In *Couzens* v. *Sellers,* 199 Mich. 457, recognizance was entered into before any complaint had been lodged against the defendant for violating an ordinance of the city of Detroit; the magistrate upon filing it ordered the discharge of defendant. The police department declined

to recognize such order.    It was held that the language of the charter "before whom such person is brought for trial" did not authorize the taking of bail in the manner then before the court.    In *Re Mead,* 220 Mich. 480, we again had the question before us of the validity of a recognizance executed before any complaint had been made or warrant issued and held such recognizance invalid.    While we have not enlarged on these cases, we have stated sufficient to show that in none of them was the precise question involved in the *Dennis Case* and in this one before the court.    In none of the cases is the *Dennis Case* overruled expressly or by the adoption of a contrary doctrine.

Nor do we think the *Dennis Case* should be overruled.    Not only has it stood many years unquestioned but it has been cited in many jurisdictions and is undoubtedly in line with the overwhelming weight of authority.    In 3 R. C. L. p. 33 it is said:

"Where the statute provides for release on the recognizance of the accused and two sufficient sureties, it is not necessary that the person bound to appear should be recognized jointly with his sureties.    A recognizance is a common-law obligation, and by the common law the sureties may be bound separately from their principal, or without the principal being bound at all."

*State* v. *Peyton,* 32 Mo. App. 522, was a case involving the precise question here involved.    It was there said:

"It is claimed that the principal in the recognizance, James O. Peyton, did not appear in person before the circuit judge at the time the bond was approved.    This objection does not appear to have been raised in the lower court and is in conflict with the record.    But even if it had been properly presented and shown to be true, it could be of no avail to these defendants. They admit that they signed the recognizance.    If so, they would be held liable even if the principal had not signed it."

In *State* v. *Quattlebaum,* 67 S. C. 203 (45 S. E. 162), Mr. Justice Woods, speaking for the court, said:

"The appeal involves these two propositions. It concerns in the highest degree the administration of public justice in the punishment of crime that recognizances should not be declared invalid on close technical grounds. They are taken by officers not learned in the law, and there is no obligation the meaning of which is more fully and clearly understood by even the most ignorant. Every man knows when he signs, he has agreed if the accused does not appear for trial he will be liable for the amount stated in the recognizance. The surety need not sign until the principal has done so. If he voluntarily assumes the obligation without the signature of the accused, we perceive no ground upon which he can ask to be released. At common law no signature was necessary. The obligation assumed was merely entered by the officer. It seems clear, therefore, that unless our statute imperatively requires the signature of the accused to make the recognizance valid, those who undertake for his appearance will be bound without such signature."

See, also, *Ingram* v. *State,* 10 Kan. 630; *Tillson* v. *State,* 29 Kan. 452; *Thomas* v. *Territory,* 10 Ariz. 180 (85 Pac. 1063) ; *Elrage* v. *County of Greenlee,* 16 Ariz. 159 (141 Pac. 575) ; *People* v. *Love,* 19 Cal. 676; *State* v. *Patterson,* 23 Iowa, 575; *Minor* v. *State,* 1 Blackf. (Ind.) 236; *State* v. *Cornell,* 70 S. C. 409 (50 S. E. 22) ; *Moore* v. *Commonwealth,* 6 W. & S. (Pa.) 314; *Commonwealth* v. *Lamar,* 32 Pa. Sup. Ct. Rep. 200; *People* v. *Huggins,* 10 Wend. (N. Y.) 464.

The recognizance was a valid recognizance without the signature of Greenspon, and the fact that his signature was not affixed in the presence of the magistrate did not render the bond a nullity.

5. Section 14647, 3 Comp. Laws 1915, provides that recognizances in the recorder's court of the city of Detroit shall be in the usual form. Defendant's

counsel offered a blank form of recognizance used in justices' courts in the city of Detroit.   While the justification varies somewhat, the recognizance proper is almost identical with the one in question; both were in the usual form.   The trial judge declined to receive it and properly so.   Defendant made no claim that he sought or acted upon the advice of counsel and an instruction dealing with that subject would have been inappropriate.   The charge of the court was eminently fair to the defendant and fully covered all instructions the defendant was entitled to.   The prosecution tried the case with unusual care and kept the record free from error.

The conviction and judgment will be affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.   CLARK, C. J., did not sit.