62 So.2d 630

**STATE v. CONFORTO.**

No. 40985.

Dec. 15, 1952.

Lloyd C. Hoffman, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Edward A. Haggerty, Jr., 1st Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Defendant Joseph P. Conforto, convicted of the crime of perjury as denounced by LSA–R.S. 14:123 and sentenced to serve six months in the parish jail, has appealed.

The bill of information, after reciting that the defendant had appeared as a surety on the bail bond of Earl E. Cody, charged with the crime of robbery, recites:

"* * * the said Joseph Conforto committed perjury by falsely stating as said surety under an oath authorized and required by law and administered by Julian M. Hogan, Criminal Deputy Sheriff for the Parish of Orleans, then and there authorized to administer such oath, that he the said Joseph Conforto was the owner of immovable property known as 213 Canal Street, located in the Parish of Orleans, when in truth and in fact he the said Joseph Conforto then and there well knew he was not the owner of said immovable property and said false statement that he did own said immovable property known as 213 Canal Street was material to the interest of the State in said bail bond and material to his acceptance as said surety on said bail bond, contrary to the form of the Statute * * *."

The affidavit of justification executed by the defendant and made a part of the bail bond reads as follows:

"J. P. Conforto being duly sworn, deposes and says that he resides in the Parish of Orleans, and that, after paying all his just debts and liabilities, he is well and truly worth the sum of One Thousand dollars in immovable property, all situated within the jurisdiction of this Honorable Court, viz: Immovable property known as 213 Canal St. and all other immovable and movable property located in the Parish of Orleans and that he has not signed or executed any deed, note, bond, contract, assignment or instrument of any kind that will vitiate or prevent the enforcement of this bond."

Appellant's first three bills of exception were taken to the overruling of several motions filed by him having for their purpose the quashing of the bill of information and the dismissal of the prosecution.

It is appellant's contention that the officer who took his oath as surety on the bond had no authority to take an oath regarding any of his particular property, or that, even though he did swear that he owned property located at 213 Canal Street, this part of the oath which is the subject matter of this prosecution was of no legal effect and cannot be the basis of a perjury prosecution.

Article 103 of the LSA–Code of Criminal Procedure provides: "No person shall be permitted to sign any bond required by law who shall not swear that after the payment of all of his debts he is owner in his

own right of property, real or personal or both, liable to seizure, in an amount equal to that named in said bond * * *."

Article 104 reads: "Every officer authorized to accept any bond shall have authority to administer any oath required by law to be taken by the person signing such bond * * *."

We think that the only reasonable interpretation to be given these articles is that any fact material to the question of whether, after the payment of all his debts, the surety is owner in his own right of property, real or personal or both, liable to seizure, in an amount equal to that named in the bond is properly within the scope of the oath required by Article 103. This holding is in accord with Article 123 of the LSA–Criminal Code, which provides that in order to constitute perjury the false statement must be made under sanction of an oath and *must relate to a matter material to the issue or question in controversy*. The question, then, is: Does the information charge the appellant with swearing falsely to any such material fact in his affidavit of justification?

Pursuant to the provisions of Article 103 of the LSA–Code of Criminal Procedure, quoted hereinabove, no person is permitted to sign a surety bond unless he is financially responsible for the amount of the bond, and as an assurance that he is financially responsible as the surety an oath is required showing his sufficiency.

This is the real and primary purpose of the statute. The recitation in the affidavit of justification that the defendant surety is the owner of immovable property located at 213 Canal Street is certainly material to the question of whether after payment of all of his debts he is the owner in his own right of property that is worth more than the amount of the bond.

The question before the officer authorized to accept the surety tendered by a person to be bailed is the sufficiency of such surety as bail, and the property owned by the surety is a material fact in the officer's determination of the surety's financial responsibility.

The courts of other states have held that a statement regarding particular property is a matter material to the issue of the surety's sufficiency on the bond, and that a false statement regarding particular property in an affidavit of suretyship is perjury. See People v. Davis, 122 App.Div. 569, 107 N.Y.S. 426; Commonwealth v. Hatfield, 107 Mass. 227; Commonwealth v. Butland, 119 Mass. 317; People v. Almashy, 229 Mich. 227, 201 N.W. 231. In People v. Davis, supra, decided by the Supreme Court, Appellate Division, of New York, defendant had appealed from his conviction of perjury in that he swore falsely as to the ownership of particular property. The Code of Criminal Procedure of that state does not provide that the affidavit of justification should contain a specific description, and the re-

quirement of the oath as surety in that Code, as in our own Code of Criminal Procedure, is in general terms. That court in affirming the conviction had this to say [122 App.Div. 569, 107 N.Y.S. 429]:

"If the statements as to the ownership of the specified property by Davis was [were] not material, then there can never be any warrant for examination as to specific property. The bare statement that the surety is worth a certain sum would close the inquiry, and the provisions for justification are idle. Such holding would open wide a door for straw bail. 'If the matter falsely sworn to is circumstantially material, or tends to support and give credit to the witness in respect to the main fact, it is perjury.' * * * Here the main fact was the sufficiency of the surety. The matter falsely sworn to tended to support and give credit in respect to that main fact, and so was perjury."

■ We therefore conclude that the trial judge's overruling of the motions filed by the defendant, the object of which was to quash the bill of information and to dismiss the prosecution, was proper.

During the course of the trial, while the defendant was on the stand as a witness in his own behalf, on direct examination he was asked the following question: "What oath did you take in the Sheriff's office with regard to your worth and as to whether or not you actually owned the property 213 Canal Street?" The district attorney objected to this question, the judge sustained the objection, and counsel for defendant reserved a bill of exception to the ruling. For the purpose of perfecting the bill of exception the jury was retired, and the witness was permitted to answer the question.

The trial judge informs us in his per curiam that the objection was sustained because the purpose of the question was to elicit from the defendant a reply which would contradict the affidavit of justification made by the defendant himself, in which he swore that he was the owner of the immovable property located at 213 Canal Street, in violation of Article 456 of the Code of Criminal Procedure, which provides that "Every authentic act, unless shown to be a forgery, makes full proof of its own execution, *nor can the recitals of such act be contradicted by any party thereto * * *.*" (Italics ours.)

The trial judge was of the opinion that the bail bond, together with the affidavit of justification, was an authentic act within the meaning of the above quoted article, and in this he may have been correct. Conceding that such document is an authentic act for the purpose of considering this bill and without passing on the question, we are of the opinion that he erred in his ruling.

According to the testimony of the defendant which was taken to perfect his bill and which was not heard by the jury, the

insertion in the affidavit of justification of 213 Canal Street as property owned by him was a mistake because he never represented that he owned it, and 213 Canal Street was given by him in answer to a question as to what his address was and not as to its ownership.

Our Criminal Code defines the crime of perjury as the intentional making of a false statement under sanction of an oath, and one of the necessary elements of the offense is that the accused knew the statement to be false. Therefore, to convict under such a charge the State must prove that the defendant intentionally made the false statement knowing it to be false. The defendant has the right to offer any competent or legal evidence to rebut the evidence adduced by the State to prove that the false statement was intentional and that he knew it to be false. For this purpose evidence to show that the recital in the act that he was the owner of the property described therein was made through fraud, duress, error, or mistake would be admissible, the weight or sufficiency of such evidence being a question for the jury.

This holding is in accord with the well established rules in this state relating to the contradiction of the recitals of authentic acts. By so holding we do no violence to the Code article and at the same time protect the rights of the accused.

There are other bills of exception in the record, but in our opinion they are without merit and, since we have concluded to grant defendant a new trial, need not be discussed.

For the reasons assigned, the conviction and sentence are reversed and set aside, and the defendant is granted a new trial.

FOURNET, C. J., dissents and assigns written reasons.

MOISE, J., dissents and will assign reasons.

FOURNET, Chief Justice (dissenting).

It is my opinion that the indictment in the instant case is fatally defective, as the legislature of 1928, in adopting the LSA-Code of Criminal Procedure for this state, incorporated in Title 15 of the Revised Statutes of 1952, only authorized the officer impressed with the power and duty to accept bail bonds to administer to the person furnishing such bond the oath required by law, Article 104, and that oath, which is the only oath prescribed as a condition precedent to the signing of the bail bond, is that the surety submitting himself declare under oath "that after the payment of all of his debts he is owner in his own right of property, real or personal or both, liable to seizure, in an amount equal to that named in said bond". Article 103. The last clause in Article 104—"any surety who shall swear falsely to any of the material facts set up in his affidavit of justification shall be deemed guilty of perjury;

and upon conviction thereof, shall be punished in accordance with the law in such case made and provided"—adds nothing and is without any effect unless it be to place the surety on guard that if in taking the required oath he has sworn falsely he is subject to prosecution under the criminal laws of this state.

MOISE, Justice (dissenting).

For the reasons assigned in the dissent of the CHIEF JUSTICE—which are well-founded in law—I respectfully dissent.