NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ANITA E. SMITH-HARRIS, *Plaintiff/Appellant*,

*v.*

PERRY R. HARRIS, *Defendant/Appellee*.

No. 1 CA-CV 18-0666
FILED 01-07-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2018-008398
The Honorable James D. Smith, Judge

**AFFIRMED**

---

COUNSEL

Anita Elaine Smith-Harris, Phoenix
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Acting Presiding Judge David D. Weinzweig and Chief Judge Peter B. Swann joined.

---

**G A S S**, Judge:

¶1        Anita Smith-Harris (ex-wife) appeals from a superior court order invalidating a *lis pendens* she filed against a home ex-wife owned with Perry Smith (ex-husband). Ex-wife challenges the superior court's ruling, arguing the superior court improperly denied her request to continue an evidentiary hearing on ex-husband's motion to invalidate ex-wife's *lis pendens*. Because the superior court did not abuse its discretion, the superior court is affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2017, a family court dissolved the parties' marriage and ordered the home sold as community property. Ex-wife tried to delay the home sale in federal bankruptcy court. The bankruptcy court affirmed the family court's division of assets and debts, lifted its stay, and allowed the sale to proceed. Ex-wife filed many unsuccessful motions in superior court to stop the sale and was held in contempt.

¶3        As the home was about to be sold, ex-wife brought this civil action asserting claims of constructive trust, intentional default on the home's mortgage, and violation of her procedural due process rights related to the contempt hearing. Ex-wife also filed and recorded a notice of *lis pendens*. Ex-husband filed a motion to remove the *lis pendens*. Ex-wife was present when the superior court set an evidentiary hearing on ex-husband's motion. Three days before the hearing, ex-wife filed an unsupported motion to continue the hearing.

¶4        Ex-husband appeared for the evidentiary hearing. Ex-wife did not. The superior court denied her requested continuance, took evidence, granted ex-husband's motion, filed a judgment declaring the *lis pendens* invalid, awarded ex-husband $5,000 in statutory damages, and declared the issue final pursuant to Arizona Rule of Civil Procedure 54(b).

Ex-wife timely appealed and filed post judgment motions in the superior court. The superior court denied the motions. The home sold within two weeks.

**ANALYSIS**

**¶5**        On appeal, ex-wife argues she had good cause for failing to appear and the superior court erred in denying her a continuance.[1] This court reviews a denial of a motion for continuance for abuse of discretion. *Evans v. Scottsdale Plumbing Co.*, 10 Ariz. 184, 188-89 (App. 1969). "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given . . . must be clearly untenable, legally incorrect, or amount to a denial of justice." *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006).

**¶6**        Here, the superior court gave a well-reasoned explanation for denying ex-wife's requested continuance, saying:

> [Ex-wife] appeared at the return hearing on September 12, 2018, when the Court set the evidentiary hearing on the matter. [Ex-wife] did not object to setting the evidentiary hearing on September 24 then. It was not until September 21 that [ex-wife] asked to continue the hearing, based on a putative work commitment. But [ex-wife's] request to continue the hearing did not include any information from her employer supporting her position. The relevant statute commands this [C]ourt to 'immediately clear title to the real property' in such actions. A.R.S. § 33-420(B). Considering this statutory command, [ex-wife's] history of dilatory tactics, and the lack of merit to [ex-wife's] *lis pendens*, [ex-wife] did not establish good cause to continue the evidentiary hearing on September 24, 2019. [Ex-wife's] post-judgment motions do not change that conclusion.

---

[1] Husband filed no answering brief. This court could treat ex-husband's silence as a confession of error but declines to do so and rules on the merits. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994); ARCAP 15(c).

**CONCLUSION**

¶7 Because the superior court did not abuse its discretion, the superior court is affirmed.

